STATE vs. ALBERT PALMER.

*Criminal Law—Larceny—Statute — Accomplice —Intent— Conversion.*

1. A defendant indicted for larceny cannot at the trial be found guilty of a misdemeanor under the Act of March 9, 1883, (*Rev. Code, 944*), which provides punishment for persons who, without the consent of the owner, but not feloniously, take and drive off a horse or other animal.

2. Where property is stolen and there are two persons present, though one may take no particularly active part in it, yet if he is present, aiding, procuring, abetting or counselling the other, he is equally guilty with the person who actually takes the property.

3. It seems to be of the essence of larceny that it is committed *lucri causa*, or with the motive of gain or advantage to the taker; though it is not necessary that it be a pecuniary advantage. It is sufficient if any other benefit to him or to a third person is expected to accrue.

(*November 18, 1902.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Herbert H. Ward*, Attorney-General, for the State.

*Daniel O. Hastings* for the defendant.

Court of General Sessions, New Castle County, November Term, 1902.

INDICTMENT FOR LARCENY OF A GELDING, the property of one John W. McCall, on the 9th day of December, 1902.

LORE, C. J., charging the jury:

Gentlemen of the jury:—Albert Palmer is charged in the indictment with larceny, which is the felonious taking and carrying away of the personal property of another with intent to convert it to the taker's own use, and to deprive the owner of the same without the owner's consent.

We have been asked by the counsel for the defendant to charge you that if you believe that this defendant had driven away the horse of the owner, without the consent of the owner, but not with the felonious intent of converting it to his own use, that then you might find a verdict of guilty of a misdemeanor under the Act of March 9, 1883 (*Rev. Code, 944*), which provides punishment for persons who, without the consent of the owner but not feloniously, take and drive off a horse or other animal.

No such verdict can be rendered in this case. Your verdict must either be guilty or not guilty, as he stands indicted. That statute does not apply to charges of larceny.

Where property is stolen and there are two persons present, though one may take no particularly active part in it; yet if he is present, aiding, procuring, abetting or counseling the other, under the law of this State he is equally guilty with the person who actually takes the property. Your inquiry in this case is simply as to the fact whether this man took this property with a felonious intent. In that respect it is not tested by the intent with which he converted after the taking, or by his actions afterwards—only so far as they indicate the intent at the time he took it.

It has been well said that " It seems to be of the essence of

the crime of larceny that it be committed *lucri causa,* or with the motive of gain or advantage to the taker; though it is not necessary that it be a pecuniary advantage; it is sufficient if any other benefit to him or to a third person is expected to accrue. Thus, where one clandestinely took a horse from a stable and backed him into a coal pit a mile off, thereby killing him, that his existence might not contribute to furnish evidence against another person who was charged with stealing the horse; this was deemed sufficient *lucrum* or advantage to constitute the crime of larceny. So if the motive be to procure personal ease or a diminution of labor to the taker, as where a servant, by means of false keys, took his master's provender and gave it to his horses with that intent; this also has been held sufficient." (*3 Greenleaf on Evidence, 13th Ed., Section 157.*)

So that it is not the extent of the conversion, but the intent with which the person takes the property; and that intent is to be ascertained as of the time he takes it. The circumstances surrounding the taking of the property may indicate to you what his intent was.

So that if you believe from all the circumstances surrounding this case that this defendant either took the gelding himself or aided or assisted another in the taking thereof with the felonious intent to convert it to his use, without the consent of the owner, then your verdict should be guilty in manner and form as he stands indicted.

It is incumbent on the State to prove to your satisfaction beyond a reasonable doubt all the material elements of this crime. If after a conscientious consideration of all the evidence you entertain a reasonable doubt, that doubt should inure to the benefit of the prisoner. You have heard the evidence, and upon it you are to say whether in your judgment this prisoner be guilty or not guilty as he stands indicted.

Verdict, guilty.