————o————

## STATE vs. MICHAEL KAVANAUGH.

*Criminal Law—Larceny—Intent—Disease—Delirium Tremens— Drunkenness; Evidence of—When Admissible.*

1. Every person of the age of fourteen years and upward is presumed to be mentally capable of committing crime, until the contrary is proved; and the burden is upon the accused, after he has attained that age, to prove that he is not mentally capable of committing the crime charged. If the defendant, by reason of disease, was, at the time the alleged crime was committed, mentally incapable of knowing the diffierence between right and wrong, or of knowing that he was doing it, he cannot be found guilty.

2. If a person suffering with delarium tremens is so far insane as not to know the nature of his acts, he is no more punishable than he would be if he had contracted an habitual and fixed insanity from the use of intoxicating liquors. The burden is upon the defendant, however, to show that delirium tremens existed at the very time the act was committed, inasmuch as it is a transient derangement of the mind. The presumption of continued insanity does not apply as in case of fixed and habitual insanity, and proof of antecedent attacks raises no presumption that the defendant was suffering from delirium tremens at the time of the commission of the act.

3. The law is well settled, as a general rule, that one one who voluntarily intoxicates himself and beclouds his reason cannot set up such condition in excuse or mitigation of a crime committed while in such condition.

4. In cases, however, in which a specific or particular intent or purpose is an essential or constituent element of the offense, as in the case of larceny, intoxication, even though voluntary, becomes a matter of consideration, and is competent evidence

on the question whether by reason thereof the defendant was incapable of forming such an intent and purpose. If the mental status required to constitute the crime be one of deliberation or premeditation, and drunkenness excludes the existence of such mental state, then the crime charged is not excused by drunkenness, but has not in fact been committed.

(*November 20, 1902.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Robert H. Richards*, Deputy Attorney-General, for the State.

*John W. Brady* for the defendant.

Court of General Sessions, New Castle County, November Term, 1902.

INDICTMENT FOR THE LARCENY of certain articles, the property of John Putzkus, in the City of Wilmington.

There was no denial that the defendant took the goods in question but the defense insisted that the prisoner was intoxicated when the alleged larceny was committed, and had been suffering from break-bone fever and delirium tremens, the latter being brought on by the use of intoxicating liquors which he had for a long time taken upon a doctor's prescription as a remedy for the said fever, and that at the time of the alleged larceny he was thereby rendered incapable of forming a specific felonious intent to steal, and had no recollection of taking the goods which the State claimed he stole.

GRUBB, J., charging the jury :

Gentlemen of the jury:—Michael Kavanaugh, the prisoner at the bar, stands charged before you in this indictment with the larceny of certain articles of personal property belonging to John Putzkus.

Larceny is the wrongful taking and carrying away of the personal property of another with the felonious intent to convert it to the taker's own use and make it his own property without the consent of the owner.

The burden is upon the State to satisfy you from the evidence, beyond a reasonable doubt, that the accused is guilty of the offense charged. To do that it must establish to your satisfaction, beyond a reasonable doubt, every necessary ingredient of the offense. Among other things it must satisfy you that the property alleged to have been stolen, or some portion of it named in this indictment, was taken and carried away; that it was taken and carried away by the prisoner at the bar, and that this was done by him with the specific felonious intent to steal it.

This specific felonious intent to steal is the gravamen of the offense charged in this indictment. It is an essential ingredient of the offense, absolutely necessary to be proven to you by the State to your satisfaction, beyond a reasonable doubt, from all the evidence in the case before you. For a wrongful taking of personal property without such intent to steal it may be another criminal offense or merely a civil trespass, according to the circumstances. But without such felonious intent it could not be larceny; and, therefore, without the proof of such felonious intent of the prisoner at the time of the taking and carrying away of the property alleged to have been stolen, you could not find him guilty of the crime charged against him.

It is a wise maxim of law that every accused person is presumed to be innocent until proven guilty beyond a reasonable doubt; and the burden is upon the prosecution to prove his guilt.

It is also an established rule of law that every person of the age of fourteen years and upward, is presumed to be mentally capable of committing crime, until the contrary is proven; and the burden is upon the accused, after he has attained the age of fourteen years, to prove that he is not mentally capable of committing the crime charged.

In this case the prisoner, through his counsel and his witnesses, has sought to show that he was incapable of committing the crime charged on account of disease, or delirium tremens, or drunkenness —by reason of all, or one or more of these alleged causes.

Now, gentlemen, if you are satisfied from the evidence that the prisoner, by reason of disease, was, at the time that this alleged offense was committed, (if you believe that he took and carried away the goods at all) mentally incapable of knowing the difference between right and wrong, with respect to the alleged criminal act, or of knowing that he was doing it, then you cannot find him guilty because you would find him incapable of committing the crime charged.

In regard to the defense of delirium tremens, we will say to you that if a person suffering with delirium tremens is so far insane as not to know the nature of his acts, he is no more punishable than he would be if he had contracted an habitual and fixed insanity from the use of intoxicating liquors. And just there we will say to you in regard to persons afflicted with habitual or fixed insanity from long continued habits of intoxication, that, although their madness caused thereby was at first contracted voluntarily, the person so affected will nevertheless be deemed irresponsible for criminal acts committed by him. Although delirium tremens is the result of intoxication and is in some sense voluntarily brought on, yet it is distinguishable and by the law is distinguished from the madness which sometimes accompanies drunkenness.

To render this defense of delirium tremens available the burden is upon the defendant to show it to the jury by satisfactory proof. It must also be shown to have existed at the very time the act was committed, inasmuch as it is a merely transient derangement of the mind. The presumption of continued insanity does not apply as in cases of fixed and habitual insanity ; for delirium tremens brought on by one's own procurement passes away with the removal of the existing cause. As was said in the case of *State vs. Thomas,* decided in this State (*Houston's Criminal Cases, 526*),

proof of antecedent or prior attacks of delirium tremens raises no presumption that the defendant was suffering from delirium tremens at the time the act was committed.

Now in reference to the prisoner's defense that he was so in-intoxicated at the time this offense is alleged to have been committed by him, that he was mentally incapable of committing the alleged larceny, we will state to you the law as it is substantially laid down in the *American and English Encyclopaedia of Law, Volume 17, pp. 403-12,* and supported by the authorities cited therein.

The law is well settled, as a general rule, that one who voluntarily intoxicates himself and beclouds his reason cannot set up such condition in excuse or mitigation of a crime committed while in that condition. The effect of drunkenness upon the mind and upon men's actions when under the full influence of liquor are facts known to every one, and it is as much the duty of men to abstain from placing themselves in a condition from which such danger to others is to be apprehended as it is to abstain from firing into a crowd or doing any other act likely to be attended with dangerous or fatal consequences. There would rarely be a conviction for homicide, for instance, if drunkenness avoided responsibility. Few violent crimes would probably be attempted without resorting to liquor both as a stimulant and as a shield, and the very fact, therefore, which shows peculiar malignant deliberation would be interposed as an excuse.

But although voluntary intoxication constitutes neither excuse for nor palliation of crime, yet in cases in which a specific or particular intent or purpose is an essential or constituent element of the offense, as in the case of larceny, intoxication, even though voluntary, becomes a matter for consideration and is competent evidence on the question whether, by reason thereof, the defendant was incapable of forming or entertaining such an intent or purpose at the time the act was perpetrated. When the nature and commission of the crime are made by law to depend upon the peculiar state and condition of the mind at the time, and with reference to the

act done, drunkenness, as a matter of fact affecting such state or condition of the mind, is a proper subject for the consideration of the jury.   If the mental status required by law to constitute crime be one of deliberation or premeditation, and drunkenness excludes the existence of such mental state, then the particular crime charged is not excused by drunkenness, but has not in fact been committed. To regard the fact of voluntary intoxication as meriting consideration in such a case is not to hold that drunkenness will excuse crime, but to inquire whether the very crime which the law defines has been in point of fact committed.

It is manifest that great caution is necessary in the application of this doctrine, and those whose province it is to decide in such cases should be satisfied from all the facts and circumstances before them, that the unlawful act was committed by the accused when by reason of intoxication his mental condition was such that he did not know that he was committing the crime, and also that no design to do the wrong existed on his part before he became thus incapable of knowing what he was doing.   There is great danger that undue weight will be attached to the fact of drunkenness.   Where it is shown in a criminal case, courts and juries should see that it is used only for the purpose stated and not as a cloak or justification for crime, and that it is not feigned, or pretended, nor actually incurred for the purpose of the commission of the particular offense.

Whether the accussed was so drunk at the time of committing the act as to be incapable of forming or entertaining a design or an intent is always a conclusion to be drawn by the jury from all the evidence before it.   And the mere fact of intoxication, no matter how complete or overpowering, is not conclusive evidence of the absence of capacity to form an intent to commit crime.   Evidence of intoxication should always be received with great caution and carefully examined in connection with other circumstances.

A person who is intoxicated may nevertheless be capable of deliberation and premeditation, and a drunken man who commits a wrongful act wilfully and premeditatedly is as guilty in the eyes of

the law as if he had been sober. If a person resolves to commit a crime and then drinks to intoxication and commits the act, the fact of intoxication cannot lessen the degree of the offense, because he specifically intended to commit it. When the specific intent, as in this case before you, is a necessary ingredient of the crime, so long as the defendant is capable of conceiving and entertaining the design he must be presumed, in the absence of proof to the contrary, to have intended the natural and probable consequences of his act.

Applying this law now to the offense of larceny, which you have before you; a mere intentional trespass to another's goods does not constitute this crime of larceny; there must in addition be a specific intent to steal. The weight of authority, therefore, is that evidence of intoxication of the accused at the time of the taking is admissible to determine whether he was capable of forming the felonious intent which is a necessary element of the crime; and if he was so under the influence of intoxicating liquor that the felonious intent could not be formed in his mind, he is not guilty of larceny.

Gentlemen of the jury, with these instructions we submit the case to you for you to find your verdict according to the law and evidence before you.

Verdict, not guilty.