## State vs. James Dredden

*Criminal Law—Larceny—Lost Property; Finder of—Owner Known to the Finder—Circumstances such as he should have Known.*

1. If the finder of lost property knows who is the owner, or if, from any mark upon it, or from the circumstances under which it was found, the owner could reasonably have been ascertained, then the fraudulent conversion of the property to the finder's use is sufficient evidence to justify the jury in finding the felonious intent constituting a larceny.

2. If the defendant was not an actual finder of the property, yet if at the time he received it from the finder he knew or the circumstances then existing were such as to reasonably inform him, who the owner was, and notwithstanding such knowledge, or means of knowledge, he appropriated the property to his own use without the consent of the owner, he would be guilty of larceny.

3. In order to determine whether the defendant knew to whom the property belonged and feloniously intended to appropriate it to his own use at the time he received it, the jury may consider all that was said and done by the prisoner, or by others in his presence or hearing, and any other circumstances which would indicate what his actual knowledge and intentions were.

*(September* 24, 1907.)

LORE, C. J., and PENNEWILL, J., sitting.

*Daniel O. Hastings*, Deputy Attorney-General, for the State.

*William G. Jones* for the defendant.

Court of General Sessions, New Castle County, September Term, 1907.

INDICTMENT FOR THE LARCENY of ten dollars, the property of one Louis Echrich.

At the trial, the State produced evidence to the following effect: That on the evening of May 27th, 1907, while returning from the plant of the Davis Pressed Steel Company, where he was employed, Louis Echrich lost his pay envelope, upon the outside of which was written in typewriting his name, the number of hours he had worked during the week and the amount enclosed, ten dollars. The prosecuting witness did not miss the money until he reached home, and shortly thereafter was told that the fourteen-years-old son of the defendant had found the money. Echrich returned to Taylor and Buttonwood Streets, where the money had been picked up, and demanded the money from the boy. The latter denied finding the money, but a Mrs. McLloyd stated that she saw him pick it up and also saw him tear the envelope up into small pieces, which Mrs. McLloyd procured and placing the scraps together discovered the name of the loser and informed Echrich, who then accused the colored boy. The excitement about the place brought the father of the boy, the defendant, to the scene. He demanded of his son whether he had found the money which the latter at first denied but later admitted, taking the money from his shoe in which he had concealed it and turning it over to his father. The prosecuting witness, Echrich, demanded the return of the money from the defendant, but the latter refused to turn over the money unless promised a reward. He was told to have the money changed and he would be given a reward, but he went away and did not return the amount. The State also proved by Mrs. McLloyd that she said to the elder Dredden when the money was handed to him by his son and demanded by Echrich, "You know it is that young fel-

low's money, and you ought to give it to him"; and that Dredden said, "You have not anything to do with it. You keep your mouth out of it."

Subsequently a warrant was sworn out for the defendant on the charge of larceny, he having again refused to turn over the money to Echrich on the demand of the latter in company with a police officer.

When the State closed, Jones, for the defendant, moved the Court to instruct the jury to return a verdict of not guilty on the grounds, *first*, that there was no proof of a felonious taking; *second*, that there was no sufficient identification of the property when it came into the possession of the defenant to justify him in the belief that it was the property of Echrich, and he was therefore entitled to hold it for the rightful owner.

PENNEWILL, J.:—We decline to take the case from the jury.

(After the testimony of the defendant had been heard, counsel for the defendant prayed the Court to charge the jury as follows):

"*First.* If the jury believe that at the time the defendant came into possession of the money he did not know the owner, their verdict should be not guilty.

"*Second.* If the jury believe that at the time the defendant came into possession of the money there were no marks upon it indicating who the true owner was, their verdict should be not guilty.

"*Third.* That before the jury can convict, they must be satisfied beyond a reasonable doubt that at the time the money came into the hands of the defendant he had a felonious intent to appropriate the same to his own use; and that if at that time his intent was not felonious, no subsequent acts of concealment or appropriation would constitute the crime of larceny."

PENNEWILL, J.:—charging the jury:

Gentlemen of the jury:—The prisoner at the bar, James Dredden, is charged in this indictment with the larceny of cer-

tain paper money of the value of ten dollars, on the 27th day of May, of the present year, the money being alleged to have been the property of Louis Echrich.

The State claims that the prosecuting witness, Louis Echrich, on the day mentioned, lost the said money on a street in this City; that very soon after the loss the money was found upon the street by the son of the defendant, and within an hour or two after the finding the son gave it to his father upon the demand of the latter. It is contended by the State that at the time the prisoner received the money from his son he knew that the money had been found by the son, and that it was the property of the prosecuting witness, or at least that the circumstances existing at the time were such as to reasonably apprise the prisoner that the money belonged to the prosecuting witness. It is contended therefore that the retention of the money by the father was, under the circumstances, larceny in contemplation of law.

The law applicable to the finder of lost property has been very clearly stated by this Court in the case of *State vs. Stevens*, 2 *Pennewill*, 486, as follows:

"If the finder knows who is the owner of the lost chattel, or if, from any mark upon it, or from the circumstances under which it was found, the owner could reasonably have been ascertained, then the fraudulent conversion of it to the finder's use is sufficient evidence to justify the jury in finding the felonious intent constituting a larceny."

In the case before you the defendant was not the actual finder of the money, and yet if at the time he received the money from his son he knew, or the circumstances then existing were such as to reasonably inform him, that the prosecuting witness, Louis Echrich, was the owner thereof, and notwithstanding such knowledge or means of knowledge, he feloniously appropriated the money to his own use without the consent of the owner, he would be guilty of larceny.

Larceny is the felonious taking and carrying away of the personal property of another with the intent to convert it to the

taker's use and deprive the owner of the use thereof, without the consent of the owner.

You will observe, therefore, that the felonious intent is a material element of the crime charged; and must be proved beyond a reasonable doubt. We say to you, however, that in order to determine whether the prisoner knew to whom the money belonged and feloniously intended to appropriate it to his own use at the time he received it, you may consider all that was said or done by the prisoner or by others in his presence or hearing, and any other circumstances which would indicate what his actual knowledge and intentions were.

If after a careful consideration of all the evidence you are not satisfied beyond a reasonable doubt that the prisoner feloniously intended to appropriate the money to his own use, your verdict should be not guilty.

Verdict, guilty.