## Petition of *DANIEL A. BROWN.*

No. 11435.
Decided January 26, 1968.
Petition for rehearing denied February 6, 1968.
436 P.2d 693.

Daniel A. Brown, pro se.

484

## MEMO OPINION

PER CURIAM:

Daniel A. Brown, an inmate of the Fergus County jail, appearing pro se, files a petition for writ of habeas corpus, making certain contentions which in his mind constitute violations of his constitutional rights.

The fact situation appears to be that on December 15, 1967, Brown was charged in the justice court with committing the offense of obtaining money by false pretenses under section 94-1805, R.C.M.1947, as amended, being a misdemeanor since the value of the property was $10 and the statute providing that the offense is punishable in the same manner and to the same extent as for larceny of the money obtained. Petitioner alleges that he entered a plea of guilty and was given a sentence of six months, two suspended.

Sifting through the allegations made by petitioner, it appears that he challenges the use of a complaint in the justice court, insisting that prosecution should be by indictment. However, Art. III, § 8 of the Montana Constitution provides in part: "Criminal offenses of which justice's courts and municipal and other courts, inferior to the district courts, have jurisdiction, shall, in all courts inferior to the district court be prosecuted by complaint."

Petitioner contends that the use of the word "feloniously" instilled in his mind profound apprehension and anxiety so that he must concede and accept his punishment in the justice court, or take the alternative chance of being prosecuted as a felon.

This court said in State v. Rechnitz, 20 Mont. 488, 52 P. 264, "The word 'feloniously' is descriptive of the act charged. It means that the act was done with a mind bent on doing that which is wrong, or 'as it has been sometimes said, with a guilty mind.' "

In State v. Allen, 34 Mont. 403, 87 P. 177, this court stated that the term "feloniously" imports criminal intent. The definition as quoted from Rechnitz, supra, was approved in State

v. Connors, 37 Mont. 15, 94 P. 199, and in State v. Souhrada, 122 Mont. 377, 204 P.2d 792.

In this cause the complaint did state that defendant did "willfully, unlawfully and wrongfully, feloniously, knowingly and designedly, "* * * commit the alleged crime, but the complaint specifically stated it was "the offense of MISDEMEANOR—Obtaining money by false pretenses specified in section 94-1805, R.C.M.1947, as amended."

It is difficult to perceive how defendant, upon reading the complaint as he avers he did, could come to any conclusion other than that he was charged with a misdemeanor.

This same type of contention has been made in other courts where the word "feloniously" was used in charging a misdemeanor, and such courts by the great majority have regarded the word as surplusage. See State v. Minnick, 54 Or. 86, 102 P. 605; Barnewell v. Stephens, 142 Ala. 609, 38 So. 662; Staeger v. Commonwealth, 103 Pa. 469; Davis v. United States, 16 App.D.C. 442.

In view of the wording of the complaint, we are constrained to the view that the use of the word should be regarded as surplusage.

Petitioner sets forth his efforts to get this petition before the district court, and then that he decided to submit it to this court, and alleges that prior to this application he was allowed to visit on weekends but said visits have been stopped. This court does not supervise the actions of those operating penal institutions as long as the rules and regulations adopted by them are reasonable. There is nothing alleged here that causes us to believe that any arbitrary action has been taken against petitioner.

Finally, petitioner has filed a motion for appointment of counsel to assist him in applying for a writ of habeas corpus. This court has consistently referred such requests to the district court wherein the applicant is resident, and we suggest to petitioner that he address his request to that court.

We do suggest, also, that the Montana Defender Project endeavors to represent persons in custody where their cause appears to be meritorious, though because of their residence their activities have so far been confined to the State Prison. However, the director of that project is Professor William F. Crowley, his address is School of Law, University of Montana, Missoula, Montana, and if petitioner desires he may contact him, and see if the Project is in position to offer him any assistance.

In view of what we have heretofore said, the relief requested is denied and the proceeding ordered dismissed.