**Royce Lee BROWN and Elester Worley, Defendants Below, Appellants,**

**v.**

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Feb. 19, 1968.

James F. Kipp, Asst. Public Defender, for appellant Brown.

Donald C. Taylor and H. Alfred Tarrant, of Cooch & Taylor, Wilmington, for appellant Worley.

Jerome O. Herlihy, Deputy Atty. Gen., for the State.

CAREY and HERRMANN, Justices and STOREY, Judge, sitting.

CAREY, Justice.

Royce Lee Brown and Elester Worley, the appellants, seek to reverse a ruling of the Superior Court which refused to dismiss an indictment charging them with robbery. The issue is whether the indictment charges all the necessary elements of that crime.

The indictment is as follows:

"The Grand Jury charges Royce Lee Brown & Elester Worley with the fol-

lowing offense, a FELONY: ROBBERY in violation of Title 11, Section 811 of the Delaware Code of 1953.

ROYCE LEE BROWN & ELESTER WORLEY on the 19th day of August, 1966, in the County of New Castle, did then and there violently assault one Ronald Hickman and put him in fear and thereupon steal from the said Ronald Hickman, United States Currency valued at approximately $261.00 and one Bulova wrist watch valued at approximately $30.00."

The statute defining robbery (T. 11 Del. C. § 811) provides:

"Whoever feloniously takes from the person of another, by violence or by putting in fear, any money or other property or thing, which may be the subject of larceny, is guilty of robbery and a felony * * *."

Defendants' contention is based solely upon the omission from the indictment of the word "feloniously". They argue that this word is a material element of the crime and that its absence is fatal. The Court below disagreed with that contention. We think its holding was correct.

There is no requirement that an indictment follow the express language of the statute; it is sufficient if it contains a plain and definite statement of the essential facts constituting the offense charged. Lasby v. State, 5 Storey 145, 185 A.2d 271. In that case, it was held that a charge of assault imports violence actual or threatened, wherefore a rape indictment which charged an assault was not defective simply because the words "with violence" were omitted. In Miller v. State, Del., 233 A.2d 164, we held that the words "without her consent" necessarily implied force in an allegation of rape.

We will accept for present purposes defendant's suggested definition of "feloniously", taken from McVey v. Commonwealth (Ky.), 272 S.W.2d 33, as meaning "proceeding from an evil heart or purpose, done with deliberate intention of committing a crime, or deliberate, evil intent". Here, in addition to charging a violent assault and putting in fear, the indictment charges that defendants did steal money and a watch from the victim. "To steal a man's property, therefore, is to take it from his custody, with a felonious intent, which felonious intent is the purpose of appropriating it fraudulently to the taker's own use". State v. Fitzpatrick, 9 Houst. 385, 32 A. 1072. See also Black's Law Dictionary (4th ed.) 1583; 82 C.J.S. p. 1037. The charge of stealing with violence in the instant indictment imports felonious intent. Accordingly, defendant's contention must be rejected.

The judgment below will be affirmed.