**Walter D. WILSON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Feb. 20, 1973.

James F. Kipp, of Becker & Kipp, Wilmington, for appellant.

Myron T. Steele, Deputy Atty. Gen., for appellee.

Before CAREY and HERRMANN, JJ., and DUFFY, Chancellor.

DUFFY, Chancellor:

Defendant appeals from a conviction for kidnapping for which he was sentenced to life imprisonment.

I

In the fall of 1971 the Dover Police created a special detail designed to apprehend an unknown person who had committed numerous assaults and attempted rapes in the area. As part of this detail, a police officer dressed as a woman and drove an unmarked car to the parking area of the Lake Club Apartments at about 8:00 P.M. on October 14, 1971. The area was dark and unlighted. The officer parked the car and, according to his testimony,[1] while he was putting up a window,

1. Defendant did not testify.

" . . . the door on the driver's side was jerked open and a person put their hand over my mouth, and in a matter of seconds established themself behind me and adjusted the rear-view mirror so I couldn't see into it.

After this was done he informed me that he wanted me to take him for a ride for two or three miles, that I was not to be nervous, and that if I didn't do anything, I wouldn't get hurt. A sharp pointed object was placed at the back of my neck while he was saying this, and I turned the headlights of the vehicle on, put the vehicle in gear—"

In accordance with the instruction given him, the officer started the car and drove slowly toward the exit of the parking area. Before reaching the exit the officer's vehicle was intercepted by a second police vehicle and defendant's arrest was effected. He was charged, tried and convicted of kidnapping.

## II

The sole question raised on this appeal is whether the kidnapping statute is so vague and indefinite as to violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 7 of the Delaware Constitution, Del.C.Ann.

11 Del.C. § 623(a) provides:

"Whoever abducts, leads, decoys, entices, takes or carries away any person, with the intent to detain or conceal such person or with the intent to deprive any person of his liberty, is guilty of kidnapping and a felony, and shall suffer life imprisonment."

■■ Defendant argues that the crime of kidnapping, which carries a mandatory

life sentence, is a crime infamous in nature (*malum in se*) and not merely a species of prohibited conduct (*malum prohibitum*). We agree. Hence, criminal intent is an essential element of the offense, cf. State v. Tabasso Homes, Del.Gen.Sess., 3 Terry 110, 28 A.2d 248 (1942); 22 C.J.S. Criminal Law §§ 29, 30, and due process requires that the statute include that component.[2]

The Delaware statute, says defendant, is defective because it fails to include the element of criminal intent—specifically, it fails to include the essential element of abducting or taking away a person against his will and without lawful authority. It thus includes within its condemnation, argues defendant, innocent acts which have not been done unlawfully or feloniously.

■ The statute states that "Whoever abducts, leads, decoys, entices, takes or carries away any person . . . is guilty of kidnapping and a felony . . . ." It is clear from the language used that the act of abducting or carrying away, as the case may be, is defined as "kidnapping." Specifically, the act proscribed is said to be "kidnapping." And "kidnapping," in turn, is equated with "felony." Thus, the act of carrying away (for example) is not, standing alone, made criminal. It is made criminal as a felony. In short, the stated acts are defined (a) as kidnapping and (b) as a felony. In this sense, only, are they made criminal. And a felony requires the existence of a felonious intent; stated conversely, without a felonious intent there is no felony.

■ A felonious intent generally means with intent to commit a crime but is usually defined according to the specific crime to which it refers. Brown v. State, Del.Supr., 7 Pennewill 159, 74 A. 836 (1909). And an act feloniously done pro-

---

2. At common law kidnapping was defined as the forcible abduction or stealing of a person from his own country and sending him into another, and under statutory law the crime is generally said to require the taking or detaining of a person against his will and without lawful authority, 1 Am.Jur.2d, Kidnapping §§ 1, 2; 51 C.J.S. Kidnapping § 1; 1 Anderson, Wharton's Criminal Law and Procedure § 371 (1957).

ceeds from an evil heart or purpose, with deliberate intention of committing a crime. Brown v. State, Del.Supr., 239 A.2d 628 (1968). In the context of kidnapping, as defined in 11 Del.C. § 623(a), we think that it means the taking of a person against his will and without lawful authority.

■ We conclude that it is clear from the statutory language that only acts of abducting, leading, and the like, which are done against the will of a person and without lawful authority come within its scope. The necessary element of criminal intent is included in the statute and it is not void for vagueness or indefiniteness.

■ It may also be noted that the words, "abduct," "leads," "decoys," "entices," "takes," or "carries away," which appear in the statute all carry the imprint of unwilful or unlawful action and likewise import the element of felonious or criminal intent. Cf. State v. Gibbs, 79 N.J.Super. 315, 191 A.2d 495 (1963).

\* \* \* \* \* \*

Defendant's argument is without merit and the sentence below will be affirmed.