**Randall Lee EVANS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Aug. 15, 1986.
Decided: Oct. 24, 1986.

Raymond J. Hancock, Public Defender's Office, Wilmington, for appellant.

Loren C. Meyers and William George, Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., McNEILLY and MOORE, JJ.

MOORE, Justice:

■ Defendant Randall Lee Evans, a juvenile, entered a guilty plea in the Family Court to three counts of Burglary, Second Degree, 11 *Del.C.* § 825. Evans appeals the trial court's imposition of consecutive six-month terms of commitment on each count which occurred within one year of a previously admitted felony. On appeal, we are asked to determine whether 10 *Del.C.* § 937(c)(1) requires the Family Court to impose consecutive mandatory sentences of at least six months for each felony committed by a juvenile within one year after the commission of a prior felony. We hold, after carefully reviewing the legislative history and the plain language of the statute, that Section 937(c)(1) does not mandate consecutive sentencing of juveniles for each subsequent felony offense. Accordingly, we remand this case to the Family Court for reconsideration of Evans' sentencing.

On August 25, 1985, Evans admitted to three counts of Burglary, Second Degree.

Two counts had occurred within one year of a previously admitted felony. Evans admitted the prior felony on April 25, 1985. The Family Court committed Evans for two periods of six-month confinement, such sentences to run consecutively. The Superior Court affirmed.[1]

At issue is whether Section 937(c)(1) requires the Family Court to institutionalize a child for a mandatory six-month period for *each* offense committed in the one-year period subsequent to the delinquency adjudication for the initial felony offense. The statute provides, in pertinent part:

> (c) Subject to the provisions governing amenability pursuant to Section 938 of this title, the Court shall commit a delinquent child to the custody of the Department of Services for Children, Youth and Their Families under such circumstances and for such periods of time as hereinafter provided:
>
> (1) Any child who has been adjudicated delinquent by this Court of *one or more offenses* which would constitute a felony were he charged as an adult under the laws of this State, and who shall thereafter within twelve months commit *one or more offenses* occurring subsequent to the said adjudication which *offense or offenses* would constitute a felony were he charged as an adult under the laws of this State, and thereafter be adjudged delinquent of said *offense or offenses*, is declared a child in need of mandated institutional treatment, and this Court shall commit the child so designated ... *for at least* a six-month period of institutional confinement;
>
> *    *    *    *    *    *

10 *Del.C.* § 937(c)(1) (emphasis added).

This Court's function in interpreting the statute is to discern the intent of the legislature. We begin with the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive. *Giuricich v. Emtrol Corp.*, Del.Supr., 449 A.2d 232, 238 (1982).

Section 937(c)(1) provides that any child adjudicated delinquent of "one *or* more" felony-type offenses within twelve months of the commission of another felony-type offense is to be committed "for *at least* a six-month period of institutional confinement." 10 *Del.C.* § 937(c)(1) (emphasis added). We believe that a plain reading of the statute supports the conclusion that a juvenile who commits later felonies must be institutionalized for at least six months and that the statute does not require consecutive mandatory sentencing for each additional offense. We also note that the six-month period of commitment is a minimum mandatory sentence, and that the Family Court may impose a sentence greater than six months where appropriate. Thus, nothing precludes the Family Court in a proper exercise of its discretion from imposing consecutive sentences in appropriate cases.

The State argues that the preamble to the 1980 legislative amendments to Section 937 demonstrates the General Assembly's intent "not to eliminate consecutive sentences." The preamble states:

> WHEREAS, the general intention behind the enactment of a mandatory commitment law for juveniles adjudicated delinquent for violating certain deliniated [sic] offenses was to serve as a warning to a first offender of the consequences of a second conviction; and,
>
> WHEREAS, mandatory prison terms applied to adults require that an offender has an opportunity to *mend his ways* after an initial confrontation with the courts before he is sentenced as a second offender; and
>
> WHEREAS, the current provisions of 10 *Del.C.* § 937, require that a juvenile be committed for the stated mandatory

---

1. Both the Superior Court and the Family Court relied on *Artis v. State*, Del.Super., C.A. No. N83–01–008FC, Stiftel, P.J. (Dec. 15, 1983) as authority for imposing the consecutive sentences.

period if he has been adjudicated delinquent for the enumerated number and types of offenses, regardless of whether all offenses are adjudicated at one hearing; and

WHEREAS, the members of the General Assembly and the members of the Family Court Judiciary desire to establish a mandatory commitment provision triggered only by an offense committed after a first adjudication and within a prescribed period of time.

\* \* \* \* \* \*

62 Del.Laws 331.

The error in the State's argument lies in its assumption that the legislature inadvertently deleted any reference to consecutive sentencing when amending Section 937. The version of Section 937 in effect prior to the 1980 amendments provided for only one situation where consecutive sentencing was mandatory—where an adjudication of delinquency based on escape followed a previous delinquency adjudication. Former Section 937(c)(4) read:

(4) Where he has been committed upon adjudication as a delinquent in accordance with subsection (c)(1), (2) and (3) and he is subsequently adjudicated a delinquent based upon the commission of an act, which if he were an adult and tried as such, would constitute the offense of escape ... then custody shall be awarded for a period of six months, *said period of commitment to run consecutively* with any other mandatory period of commitment ...

10 *Del.C.* § 937(c)(4) (as amended, 1976) (emphasis added).

In addition, former Section 937(c)(6) [2] permitted the Family Court to suspend all the periods of commitment in excess of six months where the Court determined, by a preponderance of the evidence, that such a suspension would serve the best interest of the child and that the release would pose no harm to the public. *Cf.* 10 *Del.C.* § 937(c)(3) (as amended, 1980). Former Section 937(c)(6) thus undercut much of the impact behind the mandatory consecutive sentencing provisions provided under former Section 937(c)(4). Any consecutive sentencing mandated by former Section 937(c)(4) could have been rendered moot by the application of former Section 937(c)(6).

We find most persuasive the General Assembly's usage of the word "consecutively" in former Section 937(c)(4). Contrary to the State's argument, the deletion of any reference to consecutive sentencing in the 1980 amendments indicates that the legislature did not seek to impose such a requirement in the reenactment. *See Giuricich v. Emtrol Corp.,* Del.Supr., 449 A.2d 232, 237 (1982). The logic behind this change is obvious: The legislature apparently determined that the discretion already vested in the Family Court, as to a juvenile's release from commitment, did not require a consecutive sentencing provision.[3] The legislature has in the past explicity provided for consecutive sentencing [4]; we find the absence of any language mandating consecutive sentencing in the present version of

---

**2.** This section provided:

(6) Where a child is adjudicated delinquent under the conditions outlined in ... (c)(4) of this Section, the Court may, at the time of sentencing or upon subsequent hearing ... suspend all of the commitment in excess of six months, when it determines by a preponderance of the evidence before it that such lesser period of commitment: (1) would best serve the needs of the child; and (2) would pose no probable threat to property or person upon his earlier release ...

10 *Del.C.* § 937(c)(6) (as amended, 1976).

**3.** As amended, 10 *Del.C.* § 937(c)(3) prohibits the release of any committed child, at any time after the mandatory six-month period of confinement elapses, absent a determination by the Family Court that "the child has so progressed in his course of mandated institutional treatment that release would best serve both the welfare of the public and the interest of the child."

**4.** *See, e.g.,* 11 *Del.C.* § 3901(d) (consecutive sentencing mandated for criminal defendants, however 10 *Del.C.* § 931 specifically provides that proceedings against a child in the Family Court are not criminal in nature).

Section 937 indicative of an intent *not* to impose such a requirement.

Finally, the State argues that the General Assembly's failure to respond to a "current judicial interpretation" of Section 937(c)(1) requires this Court to assume that the legislature agreed with the "present judicial interpretation." We find this argument flawed and without merit.

The Family Court and the Superior Court relied on a prior, unreported Superior Court Order when considering Section 937(c)(1).[5] In *Artis v. State*, Del.Super., C.A. No. N83–01–008FC, Stiftel P.J. (Dec. 15, 1983), the Superior Court ruled that Section 937(c)(1) mandated consecutive sentencing. It reasoned as follows:

1. The "whereas" clauses of 62 Delaware Law, Chapter 331, clearly indicate the legislative intent in amending 11 *Del.C.* § 937(c) was not to eliminate consecutive sentences, and;

2. The fact that 11 *Del.C.* § 937(c) has a separate subsection for mandatory six month minimum sentence for escape and another separate subsection for all other felonies, indicates the legislature's intent that sentences under both sections be served consecutively.

This order is the extent of the "current judicial interpretation" of Section 937(c)(1). We decline to find that the legislature was aware of, and silently adopted, the unreported order in *Artis v. State*. *Cf. Girouard v. United States*, 328 U.S. 61, 69–70, 66 S.Ct. 826, 830, 90 L.Ed. 1084 (1946).

We therefore hold, for the reasons stated above, that 10 *Del.C.* § 937(c)(1) imposes a mandatory minimum sentence of six months, for the totality of additional offenses committed. Section 937(c)(1) does not mandate consecutive sentencing for each additional offense. Accordingly, the decision of the Superior Court is REVERSED with instructions that the matter be REMANDED to the Family Court for reconsideration of the sentences imposed.

5. A companion case raising the identical issue presented here, *Mariano v. State*, No. 121, 1986, is also before this Court. It will be disposed of

in accordance with the views expressed in this opinion.