STATE of Delaware, Plaintiff Below, Appellant,

v.

Keith E. COOPER, Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 21, 1990.
Decided: April 20, 1990.

M. Jane Brady and Gary A. Myers, Deputy Attys. Gen., Georgetown, for appellant.

Edward C. Gill, Wolhar & Gill, P.A., Wilmington, for appellee.

Before HORSEY, WALSH and HOLLAND, JJ.

HOLLAND, Justice:

The defendant-appellee, Keith E. Cooper ("Cooper"), was charged with larceny of livestock, by an information filed in the Superior Court. Cooper made a pretrial motion to dismiss the information. The Superior Court granted Cooper's motion. This is an appeal by the State. 10 *Del.C.* § 9902(a). We have concluded that the decision of the Superior Court must be reversed.

### Facts

Cooper was charged with larceny of livestock, pursuant to 11 *Del.C.* § 859. That statute provides:

> (a) Whoever *feloniously* steals, takes and carries away any cow, steer, bull, calf, heifer or swine is guilty of larceny and a felony, and shall be imprisoned not less than 6 months nor more than 1 year and fined as the court may prescribe.

> (b) The minimum sentence of imprisonment required by subsection (a) of this section shall not be subject to suspension and no person convicted under this section shall be eligible for probation or parole during the first 6 months of his [or her] sentence.

*Id.* (emphasis added). The information filed in this case stated that between December 12th and 13th, 1988, Cooper "did feloniously take and carry away six (6) hogs, having a total value of approximately

Four Hundred Dollars ($400.00), the property of Harold R. Johnson."

In his motion to dismiss, Cooper contended that the information did not properly charge him with committing a felonious act, since it alleged that the total value of the stolen livestock was only four hundred dollars. Cooper argued that a theft is felonious only if the stolen property has a value equal to or greater than five hundred dollars. In support of his position, ·Cooper relied upon 11 *Del.C.* § 841, which defines theft generally and provides:

A person is guilty of theft when he takes, exercises control over or obtains property of another person intending to deprive him [or her] of it or appropriate it. Theft includes the acts described in §§ 842–846 of this title.

A person is guilty of theft if he [or she], in any capacity, legally receives, takes, exercises control over or obtains property of another which is the subject of theft, and fraudulently converts same to his [or her] own use.

Theft is a class A misdemeanor, unless the value of the property received, retained or disposed of is $500 or more, in which case it is a class E felony.

In opposing Cooper's motion to dismiss, the State contended that 11 *Del.C.* § 859 should be construed without regard to 11 *Del.C.* § 841. The State argued that the General Assembly enacted the livestock statute to punish theft of livestock, irrespective of its value. The State submitted that the word feloniously, as used in the context of the livestock statute, should be accorded its common law meaning, i.e., proceeding from an evil heart or purpose with the deliberate intention of committing a crime. *See, e.g., Wilson v. State,* Del. Supr., 303 A.2d 638, 640–41 (1973).

The Superior Court found that "feloniously" was defined as "of, pertaining to, or having the quality of a felony," *or* "proceeding from an evil heart or purpose; done with a deliberate intention of committing a crime." *Black's Law Dictionary*

744 (4th ed. 1968).[1] In view of the alternative definitions, the Superior Court concluded that the use of the word "feloniously" in Section 859 made that statute ambiguous. The Superior Court noted that when a statute is ambiguous, generally accepted principles of construction require the statute to. be viewed as a whole, and that literal or perceived interpretations, which yield illogical or absurd results, should be avoided in favor of interpretations which are consistent with the intent of the legislature. *Daniels v. State,* Del.Supr., 538 A.2d 1104, 1110 (1988).

The Superior Court determined that the definition of feloniously which focused upon the quality of the act achieved a more reasonable result than the common law definition, which focused upon the intent of the actor. The Superior Court observed that if "feloniously" described the state of mind of the actor, rather than the quality of the act, a person who stole a $50 pig (livestock) could be guilty of a felony and subjected to mandatory incarceration, but a person who stole a $400 horse (not livestock) could be guilty of a misdemeanor and eligible for probation. Consequently, the Superior Court found that by using the word feloniously, the General Assembly must have intended to incorporate the $500 felony/misdemeanor distinction of Section 841 into Section 859. Therefore, the Superior Court held that the felonious act proscribed by Section 859 was only committed if the stolen livestock had a total value of more than $500.00.

### Statutory Construction

■ The Superior Court correctly recognized that "[i]n the construction of a statute, this Court has established as its standard the search for legislative intent.... Where the intent of the legislature is clearly reflected by unambiguous language in the statute, the language itself controls." *Spielberg v. State,* Del.Supr., 558 A.2d 291, 293 (1989) (citing *Richardson v. Wile,* Del. Supr., 535 A.2d 1346, 1348 (1988), and *Ev-*

---

**1.** That definition is the same in the most recent edition of *Black's Law Dictionary* 555 (5th ed. 1979).

*ans v. State*, Del.Supr., 516 A.2d 477, 478 (1986)). However, where uncertainty in the language exists, rules of statutory construction must be applied. *Id.* The Superior Court also correctly recognized that if a statute is ambiguous, it must be viewed as a whole. *Daniels v. State*, 538 A.2d at 1110. Literal or perceived interpretations, which yield illogical or absurd results, should be avoided in favor of interpretations consistent with the intent of the legislature. *Id.*

 However, statutory language is ambiguous only when it is *reasonably* susceptible to different conclusions or interpretations. *Coastal Barge Corp. v. Coastal Zone Indus. Control Bd.*, Del.Supr., 492 A.2d 1242, 1246 (1985). In this appeal, we must determine if the General Assembly's use of the word "feloniously" was reasonably susceptible to different interpretations and, thereby, created an ambiguity in Section 859. In the absence of any ambiguity, the language of the statute must be regarded as conclusive of the General Assembly's intent. The judicial role is then limited to an application of the literal meaning of the words. *Evans v. State*, 516 A.2d at 478; *Coastal Barge Corp. v. Coastal Zone Indus. Control Bd.*, 492 A.2d at 1246.

### Legislative History

 The General Assembly enacted a new Criminal Code for Delaware in 1972. It included a subpart entitled "Theft and Related Offenses." 58 *Del.Laws*, ch. 497, § 1, pp. 1678–87 (July 6, 1972) (codified as 11 *Del.C.* §§ 840–57). Section 841 defined the crime of "theft." Sections 842 through 846, described specific types of conduct which were prohibited as "theft." 11 *Del.C.* §§ 842–46. For purposes of punishment, Section 841 classified "theft" as a Class A misdemeanor, unless the property appropriated had a value of $100 (now $500) or more, in which case the theft offense would be a Class E felony. 11 *Del.C.* § 841. The effective date for the new

Criminal Code, including the "theft" provisions, was July 1, 1973.

Subsequent to the enactment of the new Criminal Code, but approximately two months *before its effective date*, the General Assembly added a provision, designated as Section 859, which proscribed "larceny of livestock." 59 *Del.Laws*, ch. 60 (May 12, 1973). The title of the enrolled bill stated that the purpose of the legislation was to amend the new Criminal Code "by making it a felony to steal, take and carry away *certain* animals, and prescribing a penalty therefor." *Id.* (emphasis added). Section 859 provided that the stealing or taking of *"any* cow, steer, bull, calf, heifer or swine" is "larceny and a felony." *Id.* (emphasis added).[2]

Although Section 859 was added to the subpart of the new Criminal Code entitled "Theft and Related Offenses," it was an anomaly. Section 859 did not use the new Criminal Code's terminology of "theft" to describe the stealing of livestock, but instead used the common law term "larceny." Section 859 also contained its own penalty clause, which did not correspond with the new Criminal Code's alphabetical letter classifications for punishments. *See* 11 *Del.C.* § 4201. The final aberration which appears in Section 859 is the focus of this appeal. It was the use of the word feloniously.

The new Criminal Code did not define "feloniously." However, the new Criminal Code did provide that undefined words would have their "commonly accepted meaning." 11 *Del.C.* § 221(c). Prior to the enactment of the new Criminal Code, Delaware's decisional law had consistently adhered to the common law definition of "feloniously" i.e., " 'proceeding from an evil heart or purpose, done with deliberate intention of committing a crime, or deliberate, evil intent.' " *Brown v. State*, Del. Supr., 239 A.2d 628, 629 (1968) (quoting *McVey v. Commonwealth*, 272 S.W.2d 33, 35 (Ky.1954)).[3] *See Wilson v. State*, Del.

---

**2.** Under the original definitional section in the new Criminal Code, the term property included "captured or domestic animals" but not livestock. 11 *Del.C.* § 857(4).

**3.** In *Brown v. State,* this Court was called upon to construe a robbery statute, which at the time included the word "feloniously." The defendant contended that the indictment charging him

Supr., 303 A.2d 638, 640–41 (1973); *State v. Dredden*, Del.Gen.Sess., 73 A. 1042, 1043 (1907); *State v. Palmer*, Del.Gen.Sess., 53 A. 359, 360 (1902); *State v. Kavanaugh*, Del.Gen.Sess., 53 A. 335, 336 (1902). The General Assembly is presumed to have known of these judicial decisions at the time that the new Criminal Code was originally adopted and also when Section 859 was subsequently enacted. *Giuricich v. Emtrol Corp.*, Del.Supr., 449 A.2d 232, 239 n. 13 (1982); *Husband v. Wife*, Del.Supr., 367 A.2d 636, 637 (1976). *See also Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 249, 96 L.Ed. 288 (1952).

However, in this case, there is no need to rely upon the principle of statutory construction which attributes presumptive knowledge of Delaware's prior judicial decisions to the General Assembly. The Commentary to Section 841 of the new Criminal Code demonstrates that the General Assembly had actual knowledge of the Delaware case law which had defined feloniously as a specific type of criminal intent. The commentary noted that the "Theft and Related Offenses" subpart of the new Code replaced a prior Delaware statute which provided:

> Whoever feloniously steals, takes and carries away any goods [here follows a list of things which may be stolen, including tangible choses in action] . . . to the value of $100 or more is guilty of grand larceny and a felony and shall be imprisoned. . . .

*Delaware Criminal Code with Commentary*, Commentary on § 841 at 265 (1973) (footnote omitted). In analyzing the substance of the former statute, the Commentary stated:

> The word "feloniously" in the statute had important meaning. It imported a specific felonious intent to steal the property, an essential element of the State's case. If the accused did not have the

requisite intent, he was not guilty of larceny, no matter how unlawful his intent may otherwise have been (as, for example, where the taking was a trespass). The required felonious intent would appear to have two elements: First, "the intent must be wholly to deprive the owner of the property." An intent to deprive temporarily was insufficient. The second element of intent was the notion of *"lucri causa,"* borrowed from the ancient Roman law and never a part of the common law. The Delaware cases seem to say that a motive of gain or advantage to the taker was a prerequisite for conviction. A fairly wide definition of gain or advantage was, however, adopted. It was not limited to pecuniary gain. But where property was taken simply to deprive the owner of it, without any benefit to the taker (but, perhaps simply out of malice), there was no larceny.

*Id.* at 266, 72 S.Ct. at 252 (citing, *inter alia, State v. Palmer*, Del.Gen.Sess., 53 A. 359 (1902) and *State v. Kavanaugh*, Del. Gen.Sess., 53 A. 335, 336 (1902)) (other citations omitted).

In addition to providing that undefined words should be given their commonly accepted meaning, Section 221 of the new Criminal Code also stated that undefined words "may be defined as appropriate to fulfill the purposes of the provision as declared in [Section] 201 of this [Criminal Code]." One of the general purposes set forth in Section 201 of the new Criminal Code was to "define the act or omission and the accompanying mental state which constitute[s the] offense[s] . . ." 11 *Del.C.* § 201(3). In fact, the new Delaware Criminal Code provided that "[n]o person may be found guilty of a criminal offense without proof that he [or she] had the state of mind required by the law defining the offense." 11 *Del.C.* § 251(a).[4]

---

with robbery was flawed due to the omission of the word feloniously. In holding that the exact statutory language was not required, this Court accepted "for present purposes defendant's suggested definition of 'feloniously', . . . as meaning 'proceeding from an evil heart or purpose, done

with deliberate intention of committing a crime, or deliberate, evil intent.'" 239 A.2d at 629.

4. Section 251 provides, in part, as follows:
 (a) No person may be found guilty of a criminal offense without proof that he [or she] had the state of mind required by the law

Section 841 defined the state of mind required for theft generally as an intention to deprive or appropriate. Section 841 did not define the state of mind required for larceny of livestock. Therefore, there is no language describing the state of mind required to violate Section 859, *unless* "feloniously" is accorded its definition at common law in Delaware. Thus, "the state of mind required by the law defining the offense," pursuant to Section 251(a), is set forth in Section 859 *only if* feloniously is accorded its common law meaning. Rather than creating an ambiguity, the General Assembly's use of the word "feloniously," given its common law meaning, provided Section 859 with an indispensable element of the crime of larceny of livestock.

### Section 859 Unambiguous

The Superior Court was concerned that a literal reading of Section 859 would result in the penalty for stealing livestock valued at less than $500 being greater than the penalty for stealing another type of animal with a value in excess of $500. *See* 11 *Del.C.* § 201(4). The Superior Court was able to avoid what it perceived to be the unjust result, provided for by the literal terms of Section 859, when it concluded that Section 859 was ambiguous and invoked generally accepted rules of statutory

construction. *Chrysler Corp. v. State,* Del.Supr., 457 A.2d 345, 348–49 (1983). However, it is not for the Courts to adjudge the wisdom or practicality of a clear and plain statutory provision, or to restructure a statute by interpretation. *Id.* at 349. When a legislature:

> borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed. In such case, absence of contrary direction may be taken as satisfaction with widely accepted definitions, not as a departure from them.

*Morissette v. United States,* 342 U.S. at 263, 72 S.Ct. at 250.

In Delaware, feloniously has always only meant proceeding from an evil heart or purpose, with the deliberate intention of committing a crime.[5] The General Assembly's use of the word feloniously in Section 859 is not reasonably susceptible to any other meaning.[6] Therefore, the word feloniously did not create an ambiguity in Section 859.

---

defining the offense or by subsection (b) of this section.

 (b) When state of mind sufficient to establish an element of an offense is not prescribed by law, that element is established if a person acts intentionally, knowingly or recklessly. 11 *Del.C.* § 251.

**5.** *Wilson v. State,* Del.Supr., 303 A.2d 638, 640–41 (1973); *Brown v. State,* Del.Supr., 239 A.2d 628, 629 (1968); *State v. Dredden,* Del.Gen.Sess., 73 A. 1042, 1043 (1907); *State v. Palmer,* Del. Gen.Sess., 53 A. 359, 360 (1902); *State v. Kavanaugh,* Del.Gen.Sess., 53 A. 335, 336 (1902).

**6.** Other jurisdictions have examined the definitions of "feloniously" and "felonious" in statutes. These courts have construed the words as having their common law definition. For example, in *People v. Ware,* 23 Ill.2d 59, 177 N.E.2d 362, 364 (1961), in construing a robbery statute using the word "felonious," the court found that the "ordinary meaning" of the term feloniously was "manifesting a criminal purpose." *See Gonzales v. State,* 551 P.2d 929, 931 (Wyo.1976) ("feloniously" in indictment has same meaning as intentionally and may be sub-

stituted for criminal intent); *State v. Schumacher,* 189 Neb. 138, 201 N.W.2d 249, 250 (Neb. 1972) (feloniously in a legal sense refers to an act done with intention to commit a crime); *State v. Smith,* 56 R.I. 168, 184 A. 494, 499 (1936) ("feloniously" means wrongfully and with the intent of committing a crime); *Gatewood v. Commonwealth,* 215 Ky. 360, 285 S.W. 193, 194 (1926) ("feloniously" means proceeding from an evil heart or purpose, done with a deliberate intention of committing a crime); *State v. Albert,* 117 Or. 179, 242 P. 1116, 1117 (1926) (feloniously is synonymous with fraudulently). In *Petition of Brown,* 150 Mont. 483, 436 P.2d 693, 694 (1968), the court defined feloniously as an act "done with a mind bent on doing that which is wrong, or ... with a guilty mind...."; "'feloniously' imports criminal intent." (citations omitted). In *State v. Olin,* 111 Idaho 516, 725 P.2d 801, 804 (Idaho App.1986), the court held that "felonious" in a statute represented the intent to permanently deprive. *But see State v. Hyman,* 116 Me. 419, 102 A. 231, 232 (1917).

Since Section 859 is unambiguous, all of its words must be accorded their plain meaning. Section 859 provides that the larceny of certain livestock, regardless of the animal's value, is a felony punishable by a specific term of imprisonment. Notwithstanding the accuracy of the Superior Court's perception of the disparity in the punishments under the new Criminal Code, it was within the General Assembly's prerogative to differentiate between the penalties for the larceny of livestock (cattle rustling) and the theft of other animals.[7] The unambiguous language of Section 859 must be regarded as conclusive of the General Assembly's intent. *Evans v. State*, Del. Supr., 516 A.2d 477, 478 (1986).

The decision of the Superior Court is REVERSED.

---

7. The General Assembly recently enacted a statute proscribing the theft of a firearm. 11 *Del.C.* § 1451. The *felony theft* statute, Section 841, requires proof of value, while the theft of a firearm statute, Section 1451, does not. Section 1451 provides that theft of a firearm is a Class E *felony* irrespective of the value of the firearm that is stolen. Similarly, the gravamen of Section 859 is the nature of the item stolen, not its value.