Steven LONG and James Townsend,
Defendants Below, Appellants,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Submitted Nov. 13, 1974.

Decided Jan. 9, 1975.

Paul M. Lukoff, Asst. Public Defender, Wilmington, for defendants below, appellants.

William E. Wright, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

The defendants were convicted of robbery first degree, kidnapping, and burglary second degree. Upon this appeal, the defendants contend that the evidence was insufficient to support the conviction of kidnapping under 11 Del.C. § 783(3).[1] Specifically, we are called upon to consider the scope and meaning of the word "restrains" in § 783(3).

The State's evidence established the following: the nightwatchman for a department store was accosted from the rear by the two defendants—one holding a gun and the other a knife. The gun was held at the watchman's ear, the knife at his neck. The watchman was ordered to a rear area about 15 feet away. There, he was ordered down on his stomach and then he was "hogtied" by binding his hands and feet from behind. The watchman remained thus tied up for about 20 minutes.

---

1. 11 Del.C. § 783, the new Kidnapping Statute contained in the 1973 Delaware Criminal Code, provides in pertinent part:
   "§ 783.  Kidnapping.

"A person is guilty of kidnapping when he unlawfully restrains another person with any of the following purposes:
   \*        \*        \*        \*        \*
   "(3)  To facilitate the commission of any felony or flight thereafter;  \*  \*  \*."

## I.

■ The first question presented is whether, under these facts, the victim was "restrained", within the meaning of 11 Del.C. § 783 [2] and the definition of the word "restrain" set forth in 11 Del.C. § 786(a).[3]

We hold that under the facts of this case the restraint was sufficient to constitute the offense of kidnapping under 11 Del.C. §§ 783(3) and 786(a), in that the defendants restricted the victim's "movements, intentionally in such a manner as to interfere substantially with his liberty * * * by confining him in the place where the restriction commences or in a place to which he has been moved, without consent."

## II.

■ The defendants contend that the offense of kidnapping, as defined in § 783(3), is overbroad in circumstances where a restraint is incidental to another crime.[4]

This Court has heretofore recognized the problem and the potential injustice of overlapping offenses in this area of the criminal law. This Court has held sufficiently specific the Kidnapping Statute which preceded § 783(3) [5] and has declined to follow the restrictive rationale of People v. Levy, 15 N.Y.2d 159, 256 N.Y.S.2d 793, 204 N.E.2d 842 (1965) relied upon here.[6] See Samuels v. State, Del.Supr., 253 A.2d 201 (1969); Robinson v. State, Del.Supr., 305 A.2d 307 (1973).

We adhere to the rationale of *Samuels* and *Robinson*. The new § 783(3) is more specific than its predecessor and, therefore, at least equally resistant to the charge of being impermissibly vague and overbroad.

\* \* \* \* \* \*

Affirmed.

2. The Commentary to 11 Del.C. § 783 provides that the "restraint" contemplated therein "means that there must be more interference than is ordinarily incident to the underlying offenses."

3. 11 Del.C. § 786(a) provides in part:
"§ 786. Kidnapping and related offenses; definitions.
"(a) 'Restrain' means to restrict another person's movements intentionally in such a manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent. \* \* \*."

4. The Commentary to § 783 includes the following:
" \* \* \* modern legislation in the area has been criticized precisely because it imposes very severe penalties upon a crime which is so loosely defined that it may include momentary detentions in the course of committing another crime. It is thus employed as a means of increasing the penalty for the independent crime, a use probably far from the minds of the legislators who enacted the modern crime of kidnapping to combat a very specific sort of activity which included prolonged and isolated detention of an individual."

5. 11 Del.C. § 623(a), the predecessor to § 783(3), provided:
"§ 623. Kidnapping.
"(a) Whoever abducts, leads, decoys, entices, takes or carries away any person, with the intent to detain or conceal such person or with the intent to deprive any person of his liberty, is guilty of kidnapping and a felony, and shall suffer death."

6. The defendants also point to the California cases likewise restricting the application of its Kidnapping Statute. E. g., People v. Daniels, 71 Cal.2d 1119, 80 Cal.Rptr. 897, 459 P.2d 225 (1969).