## No. 21953.

GILBERT GALLEGOS v. THE PEOPLE OF THE
STATE OF COLORADO.
(420 P.2d 409)

Decided November 28, 1966

WILLIAM A. THOMPSON, JR., SAMUEL J. MERLO, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

PLAINTIFF in error, Gilbert Gallegos, was charged on November 12, 1964, with felony nonsupport of his children. He will be referred to here by name or as the defendant. The information in pertinent part read:
"* * * GILBERT GALLEGOS on or about the 24th day of December, A.D. 1963, at and within the County of Montezuma and State of Colorado, and thence continually until September 16, 1964, Gilbert Gallegos did then and there *unlawfully* and *feloniously neglect,* fail

and refuse to provide reasonable support and maintenance for his minor children, to-wit: Gilbert Gallegos, Jr., Peggy June Gallegos, Richard Adolph Gallegos and Tammy Denise Gallegos, now of the ages of 9 years, 8 years, 6 years and 4 years respectively; in violation of C.R.S. 1953 43-1-1 and against the peace and dignity of the People of the State of Colorado." (Emphasis supplied.)

Defendant was convicted and sentenced to not less than three nor more than five years in the penitentiary. He seeks relief by writ of error by virtue of the following three grounds:

(1) That the information charged no offense under the laws of the State of Colorado *since it failed to allege* that there was no physical incapacity or other good cause which prevented defendant from providing support, care and maintenance.

(2) That the instructions to the jury were erroneous in that they required only that the material allegations of the information be proven beyond a reasonable doubt rather than requiring that each and every element of the crime as set out in the statute be proven beyond a reasonable doubt.

(3) That instructions No. 7, 8 and 11 and the instruction on the information were conflicting and confusing.

The pertinent parts of the statute in question, C.R.S. '53, 43-1-1, read as follows:

"Nonsupport of wife and children—penalty—bond.— Any man who shall *willfully neglect,* fail or refuse to provide reasonable support and maintenance for * * * his legitimate or illegitimate child or children, under sixteen years of age, * * * shall be deemed guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the penitentiary for a term of not more than five years, *unless* it shall appear that owing to physical incapacity or other good cause he is unable to furnish the support, care and maintenance herein required; * * *." (Emphasis supplied.)

██ We turn now to defendant's first ground of error. As stated, he asserts that the People *must allege* that defendant neglected, failed or refused to support his minor children *without just cause, i.e., willfully.* As we view it, the information here, though not an ideal model, has accomplished this when it is recited therein that defendant did "* * * *unlawfully and feloniously neglect,* fail and refuse to provide reasonable support * * * for his minor children * * *." (Emphasis supplied.) The word "feloniously" when used in an indictment or information has been held to be equivalent to the word "willfully," and its use satisfies the requirements of pleading the essential elements of the crime, though it is much better form to follow the precise statutory wording. *Williams v. People,* 26 Colo. 272, 274-6, 57 Pac. 701 (1899).

██ Here the People sustained their burden of establishing that defendant *willfully* failed to provide the required child support when they showed that for a period of time he earned more than $400 per month and yet made no support payments. A *willful* failure in a case like this has been defined, in *State v. Chambers,* 238 N.C. 373, 78 S.E.2d 209, 211 (1953), as

"* * * intentionally done 'without just cause, excuse or justification' after notice and request for support." See also *Williams, supra, Bohannan v. State,* Okl. Cr., 271 P.2d 739 (1954), *State v. Ellison,* 230 N.C. 59, 52 S.E.2d 9 (1949), *Soucy v. Wysocki,* 139 Conn. 622, 96 A.2d 225 (1953), *Padgett v. State,* 36 Ala. App. 355, 56 So.2d 116 (1952), and *City of Baird v. West Texas Utilities Co.,* Tex. Civ. App., 145 S.W.2d 965, 968 (1940).

██ Also, as we view it, that part of the statute which states that a defendant is guilty of nonsupport when he willfully fails to provide the required support "* * * unless it shall appear that owing to physical incapacity or other good cause he is unable to furnish the support, care and maintenance herein required; * * *" is not a true exception, as urged by counsel. This is so

because of the use of the term "willfully" in the first part of the act. We hold that the word "willfully" is synonymous with the statutory expression which begins "unless it shall appear * * *." This renders the latter clause surplusage since "willfully" necessarily implies lack of just cause, excuse or justification. Thus, allegation of the willful (or felonious) nature of the act is all that is required.

■ As to the alleged errors concerning the instructions given and refused, no good purpose will be served by detailing and discussing them at length. Suffice it to say, that we have carefully examined all of the instructions in question together with all other given and refused, and find no reversible error. We point out that the instructions when read as a whole are not confusing or contradictory and fairly cover the law and evidence presented to the jury. *Martz v. People,* 114 Colo. 278, 162 P.2d 408 (1945); *Davis v. People,* 112 Colo. 452, 150 P.2d 67 (1944).

The judgment is affirmed.

MR. JUSTICE DAY not participating.