No. 24873

**The People of the State of Colorado v. Ernest G. W. Green**
(495 P.2d 549)

Decided April 3, 1972.

Duke W. Dunbar, Attorney Genreal, John P. Moore, Deputy, Richard G. McManus, Jr., Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Randolph M. Karsh, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Appellant, Green, was charged with and convicted by a jury of criminal nonsupport of his three minor children. C.R.S. 1963, 43-1-1. He seeks reversal of this judgment. We affirm.

The only ground asserted by appellant as error involves the propriety of instruction number 5, defining "willfully" as used in the statute defining the offense. Appellant did not object to the instruction when tendered, did not tender a "proper" instruction, and did not mention the asserted error in his motion for new trial. Colo. R. Crim. P. 30, 37(b). Appellant, however, asks us to notice the assignment as plain error under Colo. R. Crim. P. 52(b).

Instruction number 5 defines "willfully" as used in instructions numbered 3 and 4 as "intentionally and not accidentally." While appellant does not indicate in his brief the "proper" definition of the term, he does rely on *Gallegos v. People,* 161 Colo. 158, 420 P.2d 409 (1966), a felony nonsupport case, wherein we noted that the term had been defined in *State v. Chambers,* 238 N.C. 373, 78 S.E.2d 209

(1953), as "intentionally done 'without just cause, excuse or justification' after notice and request for support." It apparently is appellant's position that instruction number 5 was incomplete in that it did not contain language of excuse or justification.

Because the instructions as a whole must be read and considered by the jury, if there is in fact a deficiency in instruction number 5, it is cured by instructions numbered 3 and 4. Instruction number 3 provides in pertinent part:

"* * * The Statutes of this State, as applicable to this case, provides: 'That any man who shall *wilfully* [intentionally] neglect, fail or refuse to provide reasonable support and maintenance for his child or children under the age of sixteen years of age, shall be deemed guilty of a felony, and upon conviction shall be punished as provided by the law, *unless it shall appear that owing to physical incapacity, or other good cause, he is unable to furnish the support, care and maintenance.*" (Emphasis added.)

Instruction number 4 provides in pertinent part:

"* * * if you find and believe from the evidence beyond a reasonable doubt that [appellant] * * * did* * * unlawfully, and feloniously and willfully neglect, fail and refuse to provide reasonable support and maintenance for his three minor children* * * *contrary to the form of the Statute* in such case made and provided, then you should find [appellant] guilty as charged in the Information; otherwise you should acquit him." (Emphasis added.)

Instruction number 4 incorporates by reference instruction number 3. As we said in *Gallegos v. People, supra:*

"* * * the word 'willfully' is *synonymous* with the statutory expression which begins 'unless it shall appear* * *.' This renders the latter clause surplusage since 'willfully' necessarily implies lack of just cause, excuse or justification." (Emphasis added.)

We hold the definition of the term given in instruction number 5 is perfectly proper in the context of instructions 3 and 4.

Judgment is affirmed.