MR. JUSTICE GROVES
delivered the opinion of the Court.
The defendant was convicted in the county court on three counts involving gambling and three counts charging conspir *248 acy to commit each of the first three. The record before us does not reflect the sentences. We rely upon the following set forth in the defendant’s brief:
“Count 1 (Keeping a Gambling House) 30 days and $500.00 fine; Count 3 (Keeping a Gambling Table) 1 year and $500.00 fine; Count 5 (Gambling for a Livelihood) 1 year and $500.00 fine; Counts 2, 4 and 6 (Conspiracy) 1 year and $1,000.00 fine. All sentences were ordered to be served consecutively.”
The convictions were appealed to the Superior Court, which on the county court record affirmed the judgment.
The following four assignments of error are made here by the defendant: (1) the introduction of evidence of the defendant’s reputation with respect to the count charging gambling for a livelihood; (2) the failure to set forth simple gambling as a lesser included offense of gambling for a livelihood; (3) the failure to permit the accused to examine grand jury testimony of a witness; and (4) whether the charges of keeping a gambling room or building and keeping a gaming table are duplicitous.
I.
The People contend that Wilson v. People, 103 Colo. 150, 84 P.2d 463 (1938) stands for the proposition that under a charge of gambling for a livelihood the prosecution may introduce evidence of the defendant’s reputation to that effect. The defendant claims that the rule in Martin v. People, 114 Colo. 120, 162 P.2d 597 (1945) should apply. Martin involved conviction of the crime against nature. In that case the court stated:
“It is elementary, that, unless, and until, the defendant in a criminal prosecution has introduced evidence of good reputation, the prosecution may not introduce evidence of accused’s bad reputation. ‘The general rule that the character of a defendant may not be impeached by the prosecution in the first instance,’ as we have said, ‘is too well settled for discussion.’ Ray v. People, 63 Colo. 376, 167 Pac. 954.”
The only argument and authorities presented to us are whether Wilson is to be excepted from Martin.
*249 In view of the fact that the matter has been presented to us in this rather sketchy manner, we merely hold that, where, as here, evidence of the defendant’s reputation of gambling for a livelihood is corroborative of other evidence — which is sufficient in itself to support the conviction — the introduction of reputation evidence does not constitute reversible error, cf. State v. Hoyle, 98 Minn. 254, 107 N.W. 1130 (1906); State v. Froemsdorf, 218 Mo. App. 481, 279 S.W. 181 (1926) and Commonwealth v. Palace, 164 Pa. Super. 58, 63 A.2d 511 (1949). Our holding is limited to the offense of gambling for a livelihood.
II.
The defendant urges that the trial court should have submitted to the jury the question of whether or not the defendant was guilty of simple gambling (C.R.S. 1963, 40-10-9) as a lesser included offense in the charge of gambling for a livelihood (C.R.S. 1963, 40-10-8). Our search of the record, however, does not disclose any request during trial for the submission to the jury of the question of simple gambling. This being so, we decline to pass on the point.
III.
The defendant asserts error by reason of denial of his request to examine grand jury testimony of a witness. Had this case been tried after we announced Parlapiano v. District Court, 176 Colo. 521, 491 P.2d 965 (1971), the defendant would have been correct in his position. The rule in Parlapiano, however, is only prospective in its application. The court in this case, which tried the cause prior to Parlapiano, did not commit error in this respect. Robles v. People, 178 Colo. 181, 496 P.2d 1003 (1972).
IV.
The last assignment is that the charges of keeping a gambling room or building and keeping a gaming table are duplicitous. The defendant cites as his authority only Everhart v. People, 54 Colo. 272, 130 P. 1076 (1913). We do not regard this case as determinative. C.R.S. 1963, 40-10-7 makes it a crime to keep a room or building for use or occupancy for gambling or knowingly permit the same to be *250 used or occupied for gambling. C.R.S. 1963, 40-10-8 makes it unlawful to keep or exhibit a gaming table, establishment, device or apparatus to win or gain money or other property, or aid, assist or permit others to do the same. It is apparent that each of the offenses requires proof of a different element. We find them not to be duplicitous. People v. McKenzie, 169 Colo. 521, 458 P.2d 232 (1969); and Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
Judgment affirmed.
MR. JUSTICE DAY and MR. JUSTICE ERICKSON do not participate.