## No. 25686

**The People of the State of Colorado v. Guy McNulty**
(519 P.2d 1195)

Decided March 11, 1974.                    Rehearing denied April 1, 1974.

276

John P. Moore, Attorney General, John E. Bush, Deputy, Jack E. Hanthorn, Assistant, Gregory L. Williams, Assistant, for plaintiff-appellee.

Brenman, Sobol & Baum, Melvin Rossman, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was convicted by a jury in the Denver district court of two felony counts in violation of 1965 Perm. Supp., C.R.S. 1963, 138-1-87(3)(b), which requires an employer to collect, account for, and pay over withholding taxes from wages paid to employees.

The statute under which appellant was convicted provides as follows:

"138-1-87. *Interest and penalties.* — * * * (3)(b) Any person required under this article to collect, account for, and pay over any tax imposed by this article, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully fails to pay any tax, or in any manner evades or defeats any tax imposed by this article or the payment thereof, in addition to other penalties provided by law, shall be guilty of a felony, * * *."

We find no prejudicial error and therefore affirm the judgment.

Appellant did not testify or present any evidence in his

own behalf and the jury's verdicts of guilty were solely based upon the People's evidence, which we summarize here briefly.

One Robert Grant Nelson was employed by appellant in connection with appellant's bookmaking operations, to take bets over the telephone on baseball and football games during the third and fourth taxable quarters of the year 1969. Appellant paid weekly cash wages of $150 to Nelson and provided him with a free apartment. Nelson was further assured that if he was arrested in connection with the gambling operations he would be provided with bond and free attorney services.

Carl Smith was likewise employed by appellant to make book by telephone on the football games during the third quarter of 1969. He was also paid cash wages of $200 per week by appellant.

No taxes were deducted or withheld from the cash wages paid by appellant to Nelson and Smith, as required by the Colorado income tax statutes and the regulations of the Department of Revenue then in effect; nor were Nelson and Smith furnished with W-2 forms required to be furnished employees by employers in connection with wages paid and taxes withheld.

The evidence further showed that appellant failed to apply for a withholding tax account number in connection with his employment of Nelson and Smith; nor did appellant file any quarterly withholding tax returns or make any payment of taxes required to be withheld from Nelson's or Smith's wages during the taxable quarters in question. Under the applicable tax statutes and the Department of Revenue regulations, appellant was obligated by law to withhold from Nelson's wages during the third and fourth quarters of 1969 the total sum of $93.25, and to withhold from Smith's wages during the third quarter of 1969 the amount of $43.84.

The only evidentiary attempt made by appellant to avoid criminal responsibility in connection with the above transactions was during cross-examination, when he sought to raise an inference that he was not in fact the employer of

Nelson and Smith but rather that they were the employees of the Smaldone syndicate which allegedly controlled the gambling operations in which they participated. The jury was not swayed by this effort and accordingly returned verdicts of guilty.

I.

■ Error is assigned to the court's denial of appellant's motion to quash the indictment. We find no merit to this contention. The indictment charged appellant in the language of the statute and was sufficient, in our view, to adequately advise him of the charges against him. *Howe v. People,* 178 Colo. 248, 496 P.2d 1040; *Gallegos v. People,* 166 Colo. 409, 444 P.2d 267. Moreover, appellant's motion for a bill of particulars was granted and he was furnished with a transcript of the grand jury's testimony upon which the charges against him were predicated. We find no prejudice to appellant under these circumstances.

II.

■ The next contention is that the court erred in denying appellant's motion for judgment of acquittal. The only evidence was that offered by the People. It was substantial and when viewed in the light most favorable to the People, including reasonable inferences therefrom, it amply supported the jury's verdict. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466; *Dodge v. People,* 168 Colo. 531, 452 P.2d 759.

The jury could reasonably believe from all the evidence that appellant was an employer and as such was obligated by law to withhold income taxes from the wages of his employees, Nelson and Smith; and that he did willfully fail "to collect or truthfully account for and pay over such tax" to the Colorado Department of Revenue as required by law. No other explanation of appellant's failure to do so appears in the record other than the suggestion that in fact appellant was not an employer as defined by the statute and that, therefore, his failure to comply was an innocent failure as contrasted with a willful failure as required by the statute. The jury obviously disbelieved this theory and drew unfavorable inferences of willfulness from appellant's failure to withhold and pay over the taxes due.

■ We do not regard *Spies v. United States,* 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, as controlling of our interpretation here in view of the differences in the federal statutes there concerned and our statutes. In our view, the word "willfully" as used in our statute requires proof only that a taxpayer failed "to collect, account for and pay over such tax" intentionally and knowingly and not through accident, mistake or other innocent cause. *United States v. Platt,* 435 F.2d 789 (2d Cir. 1970). *People v. Green,* 178 Colo. 77, 495 P.2d 549.

## III.

■ Appellant argues that Instructions 8, 9 and 10 as given by the court, separately and as a group, resulted in prejudicial error. We disagree.

Instruction No. 8 contains the statutory definitions of the critical terms "employer," "employee," and "wages," as set forth in the withholding tax statute, 1965 Perm. Supp., C.R.S. 1963, 138-1-68. This instruction was essential in order that the jury be correctly advised of the precise meaning of the section of the statute under which appellant was charged.

Instruction Nos. 9 and 10 related to and supplemented Instruction No. 4 which defined intent and proof of intent by circumstantial evidence. The jury was also instructed that "all of the instructions must be taken, read and considered together, as they are connected with and related to each other as a whole." While it would have been preferable had the three instructions been combined into one instruction, we do not consider the content of the instructions, nor their arrangement, to be error which requires reversal.

Appellant further complains that the trial court improperly refused to give his three tendered instructions. The first two related to the definition of "employer," which have been correctly covered by the trial court in Instructions 7 and 8. The third tendered instruction concerned evidence of corroboration of an accomplice's testimony. Appellant argued that his employees Nelson and Smith were accomplices to the crime charged — the failure to file and pay withholding taxes. The record does not support this assertion. While they may have been accomplices to appellant's criminal gambling operation, as the trial court found, there

was no evidence that they were parties to the withholding tax offense. Appellant's tendered instruction was properly refused.

IV.

■ Appellant's next contention that under the rule established in *Marchetti v. United States,* 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 and *Grosso v. United States,* 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, the withholding tax statute was an unconstitutional invasion of his privilege against self-incrimination under the Fifth Amendment. He argues that the requirement of the statute that he establish a withholding tax account number and withhold taxes from the wages of his employees would expose his gambling activities and subject him to criminal penalties therefor. We find no merit to this contention.

Neither the intent nor the effect of the withholding tax statute is to compel disclosure of self-incriminating evidence as is the case of statutes whose design is essentially to ferret out criminal activities. *See, e.g., Marchetti, supra* (occupational tax related to wages); *Grosso, supra* (excise tax and an occupational tax on wagering); *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (marijuana transfer tax and registration act); *Haynes v. United States,* 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (firearm registration act); *People v. Duleff,* 183 Colo. 213, 515 P.2d 1239 (licensing requirement for cultivating marijuana).

■ Speaking to this problem, the Supreme Court in *United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037, distinguished statutes which are directed to the public at large, such as an income tax statute, from those which are directed at a "highly selective group inherently suspect of criminal activities," compliance with which entails a substantial risk of self-incrimination. As in *Sullivan, supra,* our withholding tax statute is directed at those members of the public at large who are employers and pay wages to their employees.

Mr. Justice Holmes in *Sullivan, supra,* characterized such a defense as an "extravagant application of the Fifth Amend-

ment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime." In *California v. Byers,* 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9, the Supreme Court further explained the underlying rationale as follows:

"Whenever the Court is confronted with the question of a compelled disclosure that has an incriminating potential, the judicial scrutiny is invariably a close one. Tension between the State's demand for disclosures and the protection of the right against self-incrimination is likely to give rise to serious questions. Inevitably these must be resolved in terms of balancing the public need on the one hand, and the individual claim to constitutional protections on the other; neither interest can be treated lightly.

"An organized society imposes many burdens on its constituents. It commands the filing of tax returns for income; it requires producers and distributors of consumer goods to file informational reports on the manufacturing process and the content of products, on the wages, hours, and working conditions of employees. Those who borrow money on the public market or issue securities for sale to the public must file various information reports; industries must report periodically the volume and content of pollutants discharged into our waters and atmosphere. Comparable examples are legion.

"In each of these situations there is some possibility of prosecution — often a very real one — for criminal offenses disclosed by or deriving from the information that the law compels a person to supply. Information revealed by these reports could well be 'a link in the chain' of evidence leading to prosecution and conviction. But under our holdings the mere possibility of incrimination is insufficient to defeat the strong policies in favor of a disclosure called for by statutes like the one challenged here."

We conclude that our withholding tax statute does not compel disclosures which confront an employer with a substantial risk of self-incrimination in violation of the Fifth Amendment.

## V.

■ Lastly, appellant contends there was error in the court's failure to give instructions and submit verdicts on counts 1 and 2 of the indictment as lesser included offenses. These counts charged misdemeanors under 1965 Perm. Supp., C.R.S. 1963, 138-1-87(3)(a) and were dismissed by the court on motion of the district attorney.

Fatal to this argument is appellant's failure to request of or tender to the court either the instructions or the verdicts on this lesser included offense. *McNulty v. People* 180 Colo. 246, 504 P.2d 335. Moreover, we observe, without going into a detailed analysis, that the offenses charged in counts 1 and 2 of the indictment do not either legally or factually meet the test of lesser included offense.

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.