**Steve GONZALES, Appellant
(Defendant below),**

v.

**STATE of Wyoming, Appellee
(Plaintiff below).**

No. 4545.

Supreme Court of Wyoming.

July 9, 1976.

Rehearing Denied Aug. 4, 1976.

———◆———

Lowell H. Fitch, Torrington, signed the brief and appeared in oral argument on behalf of the appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and William K. Bormuth, Legal Intern, Cheyenne, signed the brief and William K. Bormuth appeared in oral argument on behalf of the

Before GUTHRIE, C. J., and McCLIN-TOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

The defendant-appellant was tried before a jury, found guilty of burglary and sentenced to a term in the Wyoming State Penitentiary. The defendant only questions in this appeal the sufficiency of the grand jury indictment, by which he was charged.

The statute involved is § 6–129(A), W.S. 1957:

"Whoever, intentionally enters, or attempts to enter, any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony therein may be imprisoned not more than fourteen (14) years:

"(1) Any building or dwelling; or * * *."

The indictment charged that:

"On or about the 21st day of May, 1973 in the County of Niobrara, State of Wyoming, Steve Gonzales did unlawfully and feloniously enter into the Willard Drug Store, Lusk, Wyoming, without the consent of the occupant with the intent to steal.

"Contrary to the form of the statute in such case made and provided to-wit: contrary to title 6–129(A) Wyoming Statutes, 1957, and against the peace and dignity of the State of Wyoming."

The defendant specifically contended in the district court by a timely motion to dismiss and now here contends that since the statutory word "intentionally" was omitted and the words "unlawfully and feloniously" substituted, the indictment was totally defective. In this court for the first time he also asserts that the statutory word "therein" was omitted from the indictment, so that further ground for reversal of the conviction exists. These claims raise the only issues in this appeal.

We do not nor should anyone question the constitutional right of the defendant charged with the crime to be informed of the nature and cause of the charge against him.[1] Rule 9(a), W.R.Cr.P., implements the constitutional requirements and demands that the indictment "[S]hall be a plain, concise and definite written statement of the essential facts constituting the offense charged" and state "[T]he official or customary citation of the statute," alleged to have been violated. The rule cited goes on to say: "Error in the citation or its omission or any other defect or imperfection which does not tend to

[1]. Amendment VI, Constitution of the United States; § 10, Article I, Constitution of the State of Wyoming.

prejudice any substantial right of the defendant upon the merits or to mislead the defendant to his prejudice shall not be grounds for dismissal of the indictment or information or for reversal of a conviction." In a criminal indictment, it is only necessary to allege sufficiently to allow the accused to understand the charge and prepare his defense. *Boyd v. State,* Wyo.1974, 528 P.2d 287, 289, cert. den. 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 102.

Portions of Rule 9, W.R.Cr.P., are taken directly from Rule 7, F.R.Cr.P. There are some variations in the Wyoming rule but for the most part only to adapt it to State practice. Essentially, for our consideration here, the two rules are the same. What has been said by the federal courts about the rule? "Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused. [Citing cases.] This has been a salutary development in the criminal law." *Smith v. United States,* 1959, 360 U.S. 1, 9, 79 S.Ct. 991, 996–997, 3 L.Ed.2d 1041, 1048. "The modern trend has been toward a more liberal, reasonable and realistic view, as is embodied in Rule 7 of Federal Rules of Criminal Procedure." *United States v. Chunn,* 4 Cir. 1965, 347 F.2d 717, 719. " '[T]he practice of fine combing indictments for verbal and technical omissions is no longer countenanced by the courts.' " *Risken v. United States,* 8 Cir. 1952, 197 F.2d 959, 963, quoting from *Hartwell v. United States,* 5 Cir. 1939, 107 F.2d 359, 362. "The validity of an indictment under Rule 7(c), F.R.Crim.P. is determined by practical, not technical considerations." *United States v. Miranda,* 5 Cir. 1974, 494 F.2d 783, 788, cert. den. 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181. "[T]he validity of attacks on them [indictments] must be considered from a broad and enlightened standpoint of right reason rather than from a narrow view of technicality and hairsplitting." *Robbins v. United States,* 10 Cir. 1973, 476 F.2d 26, 30; *Parsons v. United States,* 5 Cir. 1951, 189 F.2d 252, 253.

■ All this, however, does not mean that we approve or allow haphazard and careless pleading in charging a crime. As said in *Smith v. United States,* supra, "[T]he substantial safeguards to those charged with serious crimes cannot be eradicated under the guise of technical departures from the rules."

■ This court has frequently said that an information or indictment framed in the language of the statute is sufficient. *Boyd v. State,* supra, and cases there cited. We find no Wyoming cases which require that the defendant must be charged in the words of the statute. The case nearest approaching that degree of adherence is *State v. Callaway,* 1954, 72 Wyo. 509, 516, 267 P.2d 970, 971, where it was said that ordinarily it is sufficient to charge in *"substantially"* the language of the statute.

The law seems clear that where a defendant is not misled to his prejudice, an indictment is not invalid because it does not conform exactly to the language of the statute. *United States v. Ivers,* 8 Cir. 1975, 512 F.2d 121; *United States v. White,* 4 Cir. 1973, 475 F.2d 1228; *United States v. Cluchette,* 9 Cir. 1972, 465 F.2d 749; *Hockenberry v. United States,* 9 Cir. 1970, 422 F.2d 171. However, any variations from the statutory language must be in words carrying the same import as the statute.

■ We hold that the use of the word "feloniously" carries the same import as the word "intentionally." Criminal intent is implied from the use of the word "feloniously." The cases are voluminous to that effect. *Dowdell v. Bell,* Wyo.1970, 477 P.2d 170, 173; *Elliott v. State,* 1934, 47 Wyo. 36, 45, 30 P.2d 791, 793; *McGinnis v. State,* 1907, 16 Wyo. 72, 80, 91 P. 936, 937; *Thomas v. State,* Alaska 1974, 522 P.2d 528, 530; *State v. Clingerman,* 1973, 213 Kan. 525, 516 P.2d 1022, 1026; *Thomas v. State,* Miss.1973, 278 So.2d 469, 471; *Petition of Brown,* 1968, 150 Mont. 483, 484, 436 P.2d 693, 694; *Gallegos v. People,* 1966, 161 Colo. 158, 161, 420 P.2d 409, 410; *Combs v. Commonwealth,* Ky.1962, 356 S.W.2d 761,

763. For other citations, see 16 Words and Phrases, "Feloniously," beginning at page 669. The heavy weight of authority is that the use of the word "feloniously" meets an intent (knowledge) requirement. The indictment here, when reasonably viewed therefor, charges that the defendant entered the building intentionally.

While the adequacy of the indictment must be determined as of the date of a timely motion to dismiss, we found it interesting to examine the evidence with respect to the entry here made. It exemplifies an intentional entering. A utility pole next to a building adjacent to the drug store building was climbed to get access to the drug store roof. A window was taken out of an opening on top of the Willard Drug Store. Flooring on a second floor above the drug store was torn out and a hole cut in the ceiling. The safe lock was pounded and punched out and the safe door thus forcibly opened for removal of money and drugs. That has all the appearances of the intentional entry contemplated by the cited statute. The proof conformed to the charge.

There are important purposes to be accomplished in properly charging a defendant with a crime. They are set out in *Crouse v. State,* Wyo.1963, 384 P.2d 321, 325, referred to in *Boyd v. State,* supra, where it was declared in citing other authority with approval, the certainty of statement of accusation as to identify the offense sought to be charged against defendant protects him from being put twice in jeopardy for the same offense, enables him to prepare for trial and allows the court, upon a verdict of guilty, to sentence according to the right of the case. We hold that the defendant received those protections here. The charge certainly lets the defendant know that he is accused of burglarizing a particular drug store on a particular date in violation of a particular statute, as the crime is there defined. The details of the crime are so precise that there is no danger of double jeopardy.

We do not consider the defendant's complaint about the statutory word "therein" being omitted. The question was never raised in the trial court. Rule 16(b)(2), W.R.Cr.P., provides:

"Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in a court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."

We see no reason to grant any relief from the waiver. The complaint is trifling, boondoggling and outside the scope of reality. The defendant could not have been misled.

We do not consider or rule upon the State's argument that reference to the statute violated cures any deficient statement of the charge against the defendant; the body of the indictment, without reference to the statute, was adequate. A decision on the argument is not necessary for a disposition of the appeal. We do issue a warning in that regard, however, because there seems to be a split of authority on the question and believe the law on that proposition to be at the moment in somewhat a state of flux. Prosecutors would be well advised at this point to not depend upon being rescued from a fatal incomplete allegation of the offense by a correct citation of the statute allegedly violated.

We make one final observation. Appeals of this sort could be avoided if prosecutors would carefully follow the better practice of adhering to the statute in drafting their indictments and informa-

tions. In that connection, it must be noted also that on occasion, following the statute may not be sufficient. See *McGinnis v. State,* supra, where it was recognized that the rule of following the statutory language may have no application where the statute only defines a common-law crime in generic terms. The statute here involved can be used as an example though not pertinent to the case before us. It provides that where entry is made "with intent to steal *or commit a felony",* a crime has been committed. The statutory word "steal" fitted the crime in the case before us. If the entry had been to commit some other felony, then that felony would have to be described. The use of the statutory word "felony" by itself would be insufficient in that it is a generic term.

In summary, an indictment to be legally sufficient must fairly indicate the crime charged, must state the essential elements of the alleged crime and be sufficiently definite so that the defendant can prepare his defense and grant protection from further prosecution for the same offense (double jeopardy).

We find that the defendant was not prejudiced in this case.

Affirmed.