The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Terry Trent WILSON,
Defendant-Appellant.

No. 82CA0333.

Colorado Court of Appeals,
Div. III.

Oct. 13, 1983.

Rehearing Denied Nov. 10, 1983.

Certiorari Granted March 5, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Laura Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Elizabeth A. Joyce, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant appeals from the denial of his Crim.P. 35(c) motion. He contends that his guilty plea to the charge of rape in 1973 must be set aside because he was not adequately advised of the elements of the offense, and that his one day to life sentence must be vacated because the trial court misunderstood the operation of the Colorado Sex Offenders Act. *See* § 16–13–201, et seq., C.R.S.1973 (1978 Repl.Vol. 8). We reverse.

In 1973, the defendant pled guilty to rape in exchange for the prosecution's promise to drop other pending charges and to proceed with sentencing under the Sex Offenders Act. At the providency hearing the trial court did not separately discuss each element of rape with the defendant although the following colloquy occurred:

> "THE COURT: All right. Well, let me generally tell the defendant at this time, you understand that you are charged ... with the charge of rape, in that ... you did unlawfully and feloniously have sexual intercourse with a female person not your spouse ... by compelling her to submit by force and by threat of serious bodily harm ...
>
> Do you understand the nature of the charge against you?
>
> THE DEFENDANT: Yes, sir."

At the hearing on the Crim.P. 35(c) motion, defendant's 1973 counsel was called as a witness. The attorney testified that he lacked specific recall, but was certain that he had discussed the elements of rape with the defendant. However, on cross-examination the attorney stated that he did not advise the defendant that rape required a mental state of "knowingly" because he did not learn of this element until after the plea was entered.

The trial court hearing the Crim.P. 35(c) motion concluded that "knowingly" was the requisite *mens rea* for the crime of rape, even though the element was not specified in the statute under which defendant was convicted, C.R.S.1963, 40–3–401 (1971 Cum.Supp.). *See People v. Naranjo*, 200 Colo. 1, 612 P.2d 1099 (1980). It found that neither the sentencing court nor defense counsel had advised defendant of this element. Nevertheless, the court concluded that defendant was apprised of the nature of the offense because the information read to defendant at the providency hearing contained the word "feloniously" which, the court concluded, is equivalent to "knowingly." *See Williams v. People*, 26 Colo. 272, 57 P. 701 (1899).

The defendant argues that the court's reading of the information, and specifically the word "feloniously," was insufficient to advise him of the *mens rea* element of rape. We agree.

The Fourteenth Amendment and the applicable version of Crim.P. 11 require that the defendant understand the nature of the charge, including the requisite mental element. Crim.P. 11(b). *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *People v. Cumby*, 178 Colo. 31, 495 P.2d 223 (1972). In *People v. Cisneros*, 665 P.2d 145 (Colo.App.1983), we held that reading the information was insufficient because it contained no reference to the "mental state of knowing conduct required for conviction of second degree burglary under § 18–4–203, C.R.S.1973 (1978 Repl.Vol. 8)."

A person may commit a felony recklessly, *e.g.*, manslaughter (§ 18–3–104, C.R.S.1973) (1978 Repl.Vol. 8), or may commit a strict liability felony, *e.g.*, vehicular homicide (§ 18–3–106, C.R.S.1973) (1978 Repl. Vol. 8). Therefore, we cannot conclude, as did the trial court, that since the allegation of feloniously may be adequate to withstand a challenge to the charging document after conviction by a jury, *William v. People, supra*, it also is sufficient to withstand a challenge to a guilty plea premised upon a lack of understanding of the essential elements of the crime.

■ Under the facts here, *People v. Muniz*, 667 P.2d 1377 (Colo.1983), is dispositive. Consequently, the judgment and sentence must be vacated and the case remanded for rearraignment. Charges dropped as a result of the plea arrangement may be reinstated. *People v. Keenan*, 185 Colo. 317, 524 P.2d 604 (1974).

In light of this disposition we need not address the other issues raised by the defendant.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

KELLY, J., concurs.

BERMAN, J., dissents.

BERMAN, Judge, dissenting.

I respectfully dissent.

The reading of the charge to the defendant which described the requisite mental element of the crime of rape to be unlawfully and feloniously was sufficient to satisfy the requirements of *People v. Muniz*, 667 P.2d 1377 (Colo.1983). As *Muniz* points out "the central consideration is the degree to which the charge itself is readily understandable to a person of ordinary intelligence from a mere reading of the information without further explanation by the court."

The defendant, after an examination by a physician of Colorado Psychiatric Hospital as required by the Colorado Sex Offenders Act under which the prosecution proceeded, was reported as having a "normal or slightly above normal I.Q." and "speech ... of good grammar and vocabulary." Considering that the defendant is a man of at least ordinary intelligence and considering his confession to the doctor that he had committed at *least* four previous rapes and two attempted rapes, I would conclude that the defendant certainly knew the consequences of the present offense. Indeed, he does not contend here that he did not understand the elements of rape.

Furthermore, the trial court described the attorney who represented defendant at the time he entered his plea as "most diligent" and concluded that the defendant had been well represented. Under such circumstances, *Muniz* does not require further explanation of the charge by the court beyond that given to defendant.

The word "feloniously" is equivalent in meaning to "willfully." *Williams v. People*, 26 Colo. 272, 57 P. 701 (1899). And, an information which charges that an act was done "unlawfully and feloniously" has been held sufficient to charge a crime requiring that the accused "knowingly and willfully" commit the offense. *McConnell v. People*, 73 Colo. 99, 213 P. 674 (1923).

Further, it was held in *Gallegos v. People*, 161 Colo. 158, 420 P.2d 409 (1966), that an information was sufficient to charge a crime, even though the *mens rea* element "willfully" was omitted. In so ruling the court stated that since the defendant was alleged to have acted "unlawfully and feloniously," and since "feloniously" had been held to be the equivalent of "willfully," the use of the word "feloniously" satisfies the requirement of pleading the essential elements of the crime.

Moreover, § 18–1–501(6), C.R.S.1973, equates "knowingly" with "willfully." That statutory subsection states that "A person acts 'knowingly' or 'willfully' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts 'knowingly' or 'willfully' with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result."

In view of this defendant's intelligence, his confessions of at least four previous rapes, and his statements to the physician that there might be other rapes of which the police remain unaware, I cannot possibly understand how there can be any doubt that, in the commission of this crime, the defendant was acting "knowingly." Add to this the fact that he used a gun in the commission of the crime, and there is no doubt in my mind that the defendant was "aware that his conduct [was] practically

certain to cause the result." Nothing more was needed to demonstrate that the plea of guilty was properly accepted by the trial court.

I would adopt the trial court's ruling on defendant's Crim.P. 35(c) motion in all respects and would affirm the guilty plea and the sentence.