**Russell WALSTON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 97–64.

Supreme Court of Wyoming.

April 1, 1998.

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Diane M. Lozano, Assistant Appellate Counsel, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Shasta R. Smith, Student Intern, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

Appellant claims insufficient evidence was presented at trial to support his burglary conviction. We disagree and, accordingly, affirm.

· The singular issue of insufficient evidence is recited by both parties, however the argument turns on two elements of the crime of burglary:

1. Was there sufficient evidence that appellant entered the burgled home without authority?

2. Was there sufficient evidence that appellant entered with intent to commit larceny?

## FACTS

The victim and her 13–year–old son arranged to live in appellant's home in exchange for the victim performing housekeeping duties and generally taking care of appellant by preparing meals and conducting associated household responsibilities. This arrangement was rooted in a long-standing, 20–year friendship. Appellant's excessive drinking, however, abridged the friendship approximately seven weeks into the arrangement, and the victim moved into a mobile home located one and a half blocks from the appellant's home.

Approximately one week after establishing her new residence, the victim and her son returned home from an outing to discover that several items were missing. They suspected appellant's involvement when they found a note he had placed on their refrigerator during their absence. The note read:

> [Victim]            Wed
> Stoped [sic] by to see if you could give me and Jr. a ride to post office around 3:30 and to get my vice [sic] grips and to see if you are O.K.
>                    Love Ya
>                    Russell

Their suspicions were heightened when the victim's son searched for the items in appellant's home, after receiving appellant's permission to enter under the guise of getting something to drink. Although the son found no indication of the missing items, the refrigerator was freshly stocked with beer. That was only of interest because, just prior to their outing, the appellant had borrowed 60 cents from the victim for cigarettes.

Pursuing their own investigation, the victim suggested to her son that he inquire at a local pawn shop. It was there that the son found the missing items. Following a call to the police, appellant was identified as the individual who was paid $18.00 for the stolen items.

At the conclusion of a one-day trial, the jury ignored the lesser-included charge of criminal entry, voting instead to convict appellant of burglary.[1] Appellant timely appeals.

## STANDARD OF REVIEW

When determining whether sufficient evidence exists to support a verdict,

> [i]t is not our function to assess the facts or reweigh the evidence. We must assume that the jurors believed only the evidence adverse to the defendant. It is the role of the jury, as fact finder, to evaluate the evidence as well as weigh the credibility of the witnesses.

*DeWitt v. State,* 917 P.2d 1144, 1148 (Wyo. 1996). Upon that basis, we must then assess whether all the evidence which was presented is adequate enough to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by a finder of fact when that evidence is viewed in the light most favorable to the State. We will not substitute our judgment for that of the jury when we are applying this rule; our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did.

*Urrutia v. State,* 924 P.2d 965, 967 (Wyo. 1996) (quoting *Hodges v. State,* 904 P.2d 334, 339 (Wyo.1995) (citation omitted)).

## DISCUSSION

### Was there sufficient evidence that entry was without authority?

■ The victim testified that she advised appellant he was not welcome in her new home. The basis for that mandate was appellant's drinking and the resultant friction it caused in their friendship. Appellant relies

---

1. W.S. 6–3–301 (1997) provides in relevant part:
   (a) A person is guilty of burglary if, without authority, he enters or remains in a building

* * * with intent to commit larceny or a felony therein.

on *Longstreth v. State*, 832 P.2d 560, 564 (Wyo.1992) to counter that the entry was not clearly without authority, *i.e.*, unlawful or unprivileged. In support of his position, appellant argues the evidence revealed that the victim told him to stay out of her home during an argument at which time he was intoxicated; that the victim left her mobile home unlocked; and that on one other occasion when he went to her home asking for a ride, he had just walked in, and the victim did not "run him off." Unlike the present case, however, *Longstreth* involved the burglary and arson of a vacant residence where there was no substantive evidence presented to prove the unauthorized entry. Here there was direct evidence that the entry was unauthorized, and we cannot find the jury reached an unreasonable or unjust result.

***Was there sufficient evidence that appellant entered with intent to commit larceny?***

■ Appellant claims the only evidence of his state of mind was that he had gone to the victim's home requesting a ride once before and that the note left on the refrigerator suggests he entered the home on this occasion to (1) inquire about a ride, and (2) get his vise grips. While no direct evidence of appellant's state of mind was presented during the trial, the "intent to steal can be established by a wide variety of direct and circumstantial evidence." *Bush v. State*, 908 P.2d 963, 967 (Wyo.1995). The evidence must form an adequate basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by a finder of fact when that evidence is viewed in the light most favorable to the State. *Blake v. State*, 933 P.2d 474, 480 (Wyo.1997); *Bloomquist v. State*, 914 P.2d 812, 823 (Wyo.1996). This court does not substitute its judgment for that of the jury but rather determines only if a quorum of reasonable and rational individuals would,

or even could, have come to the same result as the jury actually did. *Bloomquist*, at 824.

■ Evidence to support the inference of appellant's intent to steal includes the fact that the vise grips he allegedly was looking for had been previously returned to him; he knew what property the victim and her son possessed because they had lived with him; he lived within proximity of the victim's home; he initially denied being in the home when questioned by an officer; he pawned the stolen items using an alias; and he used his ill-gotten gains to support an ongoing addiction to alcohol.

In addition to the above circumstantial evidence, a fortuitous twist of fate provided further evidence to support a reasonable inference that appellant's intent was other than that portrayed in his note. A police officer came to the victim's home in search of the victim, who was a witness in an unrelated case, while the victim and her son were on their outing. When the officer knocked on the door, it was appellant who answered. It is quite reasonable to infer that appellant, having had his unauthorized entry duly noted by the authorities, may have been inclined to post an innocent note to explain his presence.

***CONCLUSION***

When considering only the evidence favorable to the prosecution, we find adequate bases for a reasonable inference of guilt beyond a reasonable doubt.