2003 WY 45

Jorge ESTRADA–SANCHEZ,
Appellant (Defendant),

v.

The STATE of Wyoming, Appellee
(Defendant).

No. 01–154.

Supreme Court of Wyoming.

April 9, 2003.

---

Thomas B. Jubin of Jubin & Zerga LLC, Cheyenne, Wyoming, Representing Appellant.

Hoke MacMillan, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; T. Alan Elrod, Assistant Attorney General; Theodore E. Lauer, Director, and Carrie Dawn Tate–Meyer, Student Intern, and Meri Ramsey, Student Intern, of the Prosecution Assistance Program, Representing Appellee. Argument by Ms. Ramsey.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] Jorge Estrada–Sanchez appeals his convictions on two counts of conspiracy with intent to deliver methamphetamine.[1] He

---

* Chief Justice at time of oral argument

1. § 35–7–1031. Unlawful manufacture or delivery; counterfeit substance; unlawful possession.

(a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:

(i) A controlled substance classified in Schedule I or II which is a narcotic drug, is guilty of a crime and upon conviction may be imprisoned for not more than twenty (20) years, or fined not more than twenty-five thousand dollars ($25,000.00), or both;

(ii) Any other controlled substance classified in Schedule I, II or III, is guilty of a crime and upon conviction may be imprisoned for not

challenges subject matter jurisdiction and the sufficiency of the evidence that permitted his conduct in California to form the basis of a Wyoming prosecution; he contends that the Information improperly varied from the evidence at trial; and he complains of prosecutorial misconduct and trial errors.

[¶ 2] We reject the State's assertion that a detailed affidavit cured a constitutionally defective Information, or that the failure to obtain a bill of particulars waived it. We reverse and remand for a new trial.

## ISSUES

[¶ 3] The parties agree that the issues are:

1. Was the evidence insufficient to support the convictions because there was no evidence of the Defendant's specific intent agreement that the controlled substances be further distributed by anyone in Park County, Wyoming?

2. Did the Court permit an improper variance from the Information filed, because the Defendant was charged with conspiring in Park County, but the Court instructed the jury that it could convict the defendant for conspiring elsewhere with intent to have an effect in Park County, Wyoming?

3. Did the prosecutor's misconduct of seeking and obtaining an instruction to the jury that a witness had refused to testify for the state and was held in contempt therefore require reversal?

4. Did the prosecutor's misconduct of falsely stating to the jury that there were no deals, when, in fact, the Court had ordered immunity for 14 witnesses—every non-law enforcement witness in the case, require reversal?

5. Were the Defendant's constitutional due process and confrontation rights were [sic] violated because the Court failed to swear the interpreter?

## FACTS

[¶ 4] Between March 1997 and February 1998, two women, Chandel Smith and Lisa Lee, both of whom were romantically involved with Sanchez, made seven trips to California to see him. On two of those trips, the women returned to Wyoming with methamphetamine supplied to them by Sanchez, and they were later arrested for that possession. Those two trips formed the basis of two counts of conspiracy charged against Sanchez for which he was tried before a Park County, Wyoming, jury. Another five trips were admitted into evidence as W.R.E. 404(b) evidence to show a course of conduct. The first two trips occurred in March 1997 and June 1997. On the third trip, in September 1997, Chandel Smith was arrested with two pounds of methamphetamine, outside of Meeteetse, Wyoming, and this trip formed the basis for the first charge against Sanchez. The fourth, fifth and sixth trips involved Lisa Lee and occurred between November of 1997 and January of 1998. On her seventh trip in February 1998, which formed the basis of Count II, Lee testified that Sanchez sold her one pound of methamphetamine for $8,000.00, and gave her two weeks to pay him for the drug. She used about a half-pound, and weighed out some quantity to sell in Cody, but got arrested. The half-pound was retrieved by friends, sold in Montana, and money sent back to Sanchez in California.

[¶ 5] Sanchez was tried by jury, testified on his own behalf, but was convicted and sentenced to eight to ten years in the Wyoming state penitentiary. On appeal, Sanchez contends that insufficient evidence exists to show that he conspired to distribute drugs in Wyoming; a fatal variance exists between the Information and the evidence adduced at

more than ten (10) years, fined not more than ten thousand dollars ($10,000.00), or both[.] Wyo. Stat. Ann. § 35–7–1031 (Michie 1997).

§ 35–7–1042. Attempts and conspiracies.
  Any person who attempts or conspires to commit any offense under this article within the state of Wyoming or who conspires to commit an act beyond the state of Wyoming which if done in this state would be an offense punishable under this article, shall be punished by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense the commission of which was the object of the attempt or conspiracy.
Wyo. Stat. Ann. § 35–7–1042 (Michie 1997).

trial; and prosecutorial misconduct occurred, all errors that require reversal.

## DISCUSSION

### *Insufficient Evidence*

[¶ 6] In his first issue, Sanchez contends that when the evidence is insufficient to prove that Sanchez intended for any purchasers to possess and deliver methamphetamine in Wyoming, then Wyoming does not have subject matter jurisdiction over a crime committed in California. The standard of review for sufficiency of the evidence issues is well established. We assess whether all the evidence presented is adequate to form the basis for an inference of guilt beyond a reasonable doubt to be drawn by a finder of fact when that evidence is viewed in the light most favorable to the State. We leave out of consideration the evidence presented by the unsuccessful party which conflicts with the successful party's evidence, and afford every favorable inference to the successful party's evidence which may be reasonably and fairly drawn from that evidence. Even though it is possible to draw other inferences from the evidence presented, the jury has the responsibility to resolve conflicts in the evidence. We will not substitute our judgment for that of the jury when we are applying this rule; our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did. *Black v. State,* 2002 WY 72, ¶ 4, 46 P.3d 298, ¶ 4 (Wyo.2002); *Vanvorst v. State,* 1 P.3d 1223, 1228 (Wyo.2000); *Harris v. State,* 933 P.2d 1114, 1123 (Wyo.1997); *Blake v. State,* 933 P.2d 474, 480 (Wyo.1997).

[¶ 7] The trial courts of Wyoming have subject matter jurisdiction over drug conspiracies when the conspirators intend for the conspiracy to have an effect within the State of Wyoming. *Marquez v. State,* 12 P.3d 711, 715 (Wyo.2000). While in New Mexico, Marquez agreed with a person there to deliver drugs to someone in Wyoming in exchange for cash. Marquez was arrested in Colorado before reaching Wyoming. In this case, Sanchez sold drugs to a purchaser in California, and that purchaser then drove the drugs back to Wyoming and sold them. Sanchez first contends that the Information does not charge him with extraterritorial conduct that caused a result in Wyoming and, therefore, Wyoming lacks subject matter jurisdiction. At trial, however, the jury was instructed to convict if the State proved beyond a reasonable doubt that Sanchez had entered into a conspiracy specifically intended to have an effect in Park County, Wyoming. He contends, however, that this evidence demonstrated only that a sale occurred in California, and, without evidence of any specific intent to sell in Park County, insufficient evidence exists to support a conviction under the jury instructions.

[¶ 8] "When determining whether sufficient evidence exists to support a verdict, it is not our function to assess the facts or reweigh the evidence. We must assume that the jurors believed only the evidence adverse to the defendant." *Walston v. State,* 954 P.2d 987, 988 (Wyo.1998). Sanchez correctly states that a sale of drugs to a purchaser without any agreement that the purchaser will further distribute them to others is not a conspiracy, and, therefore, in this case, the jury had to first decide whether Sanchez and a purchaser conspired to possess drugs with the intent to distribute them, and then had to decide whether the conspiracy was intended for the possession and distribution of drugs in Park County, Wyoming. The evidence must have demonstrated that any conspiracy was not intended to occur in California. As Sanchez points out, the record shows that several attempts by the State failed to elicit direct statements from coconspirators that Sanchez knew the drugs would be resold in Park County, Wyoming, on the trips that formed the basis of the two charges; however, these same witnesses testified to conduct by Sanchez that supports the jury's verdict. Witnesses testified that, on several occasions, Sanchez sold drugs to them in California, hid the drugs somewhere on their vehicle, and then followed them to Wyoming and removed the drugs for them. The witnesses were provided these drugs on condition that they would pay him from proceeds earned from selling them, and later the

witnesses traveled back to California with thousands of dollars paid to Sanchez. Sufficient evidence supports the jury's verdict based on the instructions to the jury that required a guilty verdict if the evidence showed a conspiracy that intended the drugs would be distributed in Park County, Wyoming.

### Information

[¶ 9] The Information filed in this case states:

Comes Now the State of Wyoming ... and informs the Court and gives the Court to understand that the above-named Defendant:

Count I: On or between August 1, 1997 and September 9, 1997, in Park County, Wyoming, did conspire to commit any offense within the State of Wyoming or conspired to commit an act beyond the State of Wyoming, namely: did deliver, or possess with intent to manufacture or deliver, a controlled substance ... in violation of Wyoming Statute § 35–7–1031(a)(ii)(Michie 1997), all in violation of Wyoming Statute § 35–7–1042 (Michie 1997)....

Count II is identical, except that the dates alleged are "[o]n or between January 1, 1998 and February 13, 1998."

[¶ 10] Sanchez contends that the Information is unequivocal: it alleges that the conspiratorial agreement occurred in Park County or Sanchez conspired to commit an act beyond the State of Wyoming; however, as the jury instructions discussed above indicate, the jury determined his guilt on another charge, and this guilty verdict is the product of a fatal variance between the crime charged and that proved, and thus must be reversed.

[¶ 11] "An indictment to be legally sufficient must fairly indicate the crime charged, must state the essential elements of the alleged crime and be sufficiently definite so that the defendant can prepare his defense and be granted protection from further prosecution for the same offense (double jeopardy)." *Gonzales v. State,* 551 P.2d 929, 933 (Wyo.1976). A defendant has a constitutional right when charged with a crime to be informed of the nature and cause of the

charge against him. *Id.* at 930. The Sixth Amendment to the United States Constitution states in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation[.]" Similarly, Article 1, § 10 of the Wyoming Constitution provides in pertinent part: "In all criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation."

[¶ 12] The purpose of these constitutional requirements is to assure adequate notice of the accusations to the defendant to enable him to prepare a defense. *Vernier v. State,* 909 P.2d 1344, 1351 (Wyo.1996). The constitutional requirements are implemented in W.R.Cr.P. 3(b)(1), which provides that the information must be a "plain, concise and definite written statement of the essential facts constituting the offense charged." *Id.*

[¶ 13] Under the constitutional requirements and the criminal procedure rule, an information is sufficient if it: 1) contains the elements of the offense charged; 2) fairly informs a defendant of the charge against which he must defend; and 3) enables a defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Id.* at 1351 (citing *Stewart v. State,* 724 P.2d 439, 440–41 (Wyo.1986)). A variance arises when the evidence presented at trial establishes facts that are different from those alleged in the indictment. *Capshaw v. State,* 11 P.3d 905, 910 (Wyo.2000) (quoting *Dunn v. United States,* 442 U.S. 100, 105, 99 S.Ct. 2190, 2193–94, 60 L.Ed.2d 743 (1979); and *United States v. Powell,* 982 F.2d 1422, 1431 (10th Cir.1992)). Similarly, a shift in the government's theory from the one set out in the indictment to that presented at trial may also constitute a prejudicial variance. *United States v. McClatchey,* 217 F.3d 823, 831 (10th Cir.2000). We will not reverse unless the variance affects the defendant's substantial rights. *Capshaw,* 11 P.3d at 910. Even in cases where an appellate court determines the existence of a variance, such a variance

"is not fatal unless the defendant could not have anticipated from the indictment what evidence would be presented at trial or

unless the conviction based on an indictment would not bar a subsequent prosecution." 3 Charles Alan Wright, Federal Practice and Procedure § 516 at 27 (2d ed.1982); *see Stoner [United States v.]* 98 F.3d [527] at 536 [ (10th Cir.1996) ].

*Id.*

[¶ 14]   In *Capshaw,* this Court determined that a detailed affidavit attached to the Information adequately informed the accused of the nature of the charge and allowed him to present his defense, and further found that his failure to obtain a bill of particulars required this Court to decide that his substantial rights were not affected. *Id.* at 910–11. Here, the State points to a detailed affidavit and Sanchez' failure to obtain a bill of particulars as well as the jury instruction as permitting this Court to decide that any error in the Information did not affect substantial rights.

■■■   [¶ 15]   The State's position assumes that the presence of any or all of these is significant, although the Information did not contain an element of the offense charged, specifically, a conspiracy occurred that was intended to have an effect in Wyoming. Our general rule, however, is that the failure to include an element of the offense causes the Information to be constitutionally defective. We, therefore, must consider whether the detailed affidavit and the jury instructions cured the defective Information, or whether by failing to obtain a bill of particulars, Sanchez waived his right to challenge the Information. We conclude that the error was not cured or waived.

■■■   [¶ 16]   The affidavit attached to the Information describes the conspiracy in great detail but only confirms the Information's statement that the agreement forming the basis of the conspiracy charge occurred in Park County, Wyoming, and acts intended to further its objective occurred outside of the state. In short, it supports Sanchez' assertion that the Information contains a fatal variance, and does not cure any error. Sanchez filed a motion for a bill of particulars. The issue was discussed at a hearing; however, no resolution was reported, and we must agree with Sanchez' assessment

that the district judge gave it short shrift. Ultimately, the State did not file a bill of particulars, but, instead proceeded under the original information. A bill of particulars, however, is not a part of an Information and cannot cure an Information that is fundamentally defective for the reason that it lacks an element of the offense. Also, although Sanchez might waive his right to contest an insufficient Information by failing to *request* a bill of particulars, he cannot be said to waive challenging a fundamentally defective Information where he has requested a bill of particulars, but failed to *obtain* one. Similarly, the purpose of a jury instruction differs, and, therefore, cannot cure this defective Information because it was not a part of the Information nor did it serve to amend that Information. *State v. Vangerpen,* 125 Wash.2d 782, 888 P.2d 1177, 1180–81 (1995).

[¶ 17]   Having decided that the Information in this case was fundamentally defective, the remaining issue is the appropriate remedy. The parties seem to agree that this court should reverse and remand for new trial; however, it would seem that the appropriate remedy is reversal of the conviction, and dismissal of the charges without prejudice to the State. Reversed with instructions to reverse the conviction and dismiss without prejudice.

HILL, Chief Justice, dissenting, in which LEHMAN, J., joins.

[¶ 18]   I concur with the majority's conclusion that there was sufficient evidence to support the jury's verdict. However, I must respectfully dissent because I do not believe that there was fatal variance between the crime charged in the Information and that proved at trial.

[¶ 19]   The Information charged that Sanchez conspired "to commit an offense within the State of Wyoming, or conspired to commit an act beyond the State of Wyoming." The instruction presented to the jury at trial stated that to convict Sanchez, the State needed to prove beyond a reasonable doubt that Sanchez had entered into a conspiracy specifically intended to have effect in Park County, Wyoming. The majority concludes

that the failure to include an element of the offense charged in the Information—namely, that a conspiracy occurred that was intended to have an effect in Wyoming—was a fatal variance mandating reversal. I cannot agree with this analysis. Although the language in the Information and the instructions to the jury did not mesh perfectly, there can be no question that the Information "fairly indicate[d] the crime charged, [stated] the essential elements of the alleged crime and [was] sufficiently definite so that the defendant [could] prepare his defense" and granted protection from prosecution for the same offense. *Gonzales v. State,* 551 P.2d 929, 933 (Wyo.1976); 15A C.J.S. *Conspiracy* § 162 (2002).

[¶ 20] While the Information says that Sanchez conspired "to commit an offense in Wyoming," and the jury instruction says he committed an act "intended to have an effect in Park County, Wyoming," I fail to see where there is a practical difference between the two. The factual basis for charging Sanchez in a Wyoming jurisdiction was that he conspired with others to possess drugs with the intent to distribute them in Park County, Wyoming. Obviously, conspiring to possess drugs with the intent to distribute them is an offense in Wyoming and was intended to have an effect in Wyoming—the successful sale of an illegal substance in Park County. The two statements are merely logical corollaries of each other, not contradictory.

[¶ 21] The majority opinion cites the factors set out in *Gonzales* but does not analyze them within the context of this case. This is not a situation where the Information charged the defendant with one crime but the jury was instructed on another. Sanchez makes no serious argument that the language difference impaired his ability to prepare or make an effective defense or that it left him open to future prosecution for the same offense. In fact, the only reasonable reading of the record is that Sanchez was well aware of the charges against him and presented an adequate, if not necessarily effective, defense. In short, there was no prejudice to Sanchez. The majority's conclusion has elevated form over substance while failing to give due regard to the actual practical effect of the alleged variance in light of our decision in *Gonzales.*

[¶ 22] I would affirm Sanchez' conviction in all respects.